GILL vs. RICE.

GILL
v.
RICE.
13    549
75    498
13    549
96    430
13    549
105   329
105   463

An equitable action where the evidence is all incorporated in the case or bill of exceptions, must be determined by this court according to law and the equity of the case as it appears from such evidence; and the judgment of the court below may be affirmed although that court may have committed errors in its instructions to the jury, such as, in a legal action, would render it necessary to reverse the judgment.

In equitable actions, specific questions may be referred to a jury; but the court is no more bound by the finding of the jury upon such issues, than it was before the adoption of the Code.

In such an action, it is irregular for the court before which the same is tried, to refer the whole case to a jury, for its decision.

Since the repeal of chap. 55 of the laws of 1856, by chap. 160 of the laws of 1859, a tender of the principal sum loaned is not necessary to enable a debtor to avail himself of the defense of usury.

Under the Code, facts creating an estoppel *in pais* should be stated in the pleading.

Where, in a pleading designed to set up an estoppel *in pais*, the allegations were so drawn as, when strictly construed, to show that there was no estoppel, and for that reason evidence offered at the trial to show such estoppel was objected to, the court should not have admitted such evidence without first requiring the pleading to be so amended as to conform to the facts intended to be proven.

But where the circuit court admitted the evidence without requiring such amendment, and the admission was excepted to, but the appellant was not taken by surprise, and the action was fairly tried on its merits, and the judgment therein was according to equity, this court affirms the judgment, and remands the cause with directions that such defective pleading be so amended as to conform to the facts proven.

The law will apply a payment upon a usurious contract, where no directions are given by the debtor, to the extinguishment of the principal sum loaned, when by law such sum can be collected.

Where a payment has been applied upon usurious interest by the direction of the debtor, he may afterward repudiate such application, and insist upon applying such payment to the legal demands of his creditor.

A agreed to purchase a note and mortgage past due, if, on inquiry of the maker, they should be found free from objection; and having been subsequently informed by the maker that the sum which appeared by the face of the instrument, and the indorsements thereon, to be due, was in fact due, and that he would pay it, purchased the same without the knowledge of any usury therein, and paid a full and valuable consideration therefor. *Held*, that the maker was estopped from claiming that moneys previously paid by him, sufficient to extinguish the principal, had been unlawfully applied, by the mortgagee, upon usurious interest, and from denying for that reason, that such sum was in fact due.

APPEAL from the Circuit Court for *Waupacca* County.

This was an action to restrain the assignee of a mortgage (with power of sale), from selling the mortgaged premises,

and to have the mortgage, and the note secured thereby, delivered up and cancelled, on the ground that the note was given for a loan of money at usurious interest, and that the assignee took the note after it was due, and that the principal sum loaned had been paid. The defendant denied all knowledge of the usury, and denied that the whole of the principal sum loaned had been paid, but alleged that there was due on the note $64 04, with interest from January 31, 1860. The answer also alleged that a few days after the defendant purchased said note and mortgage, he informed the plaintiff of said purchase, and the plaintiff told him there had been paid on said note $151, and the balance which it called for was then due, and was over $100, and he would pay it the next month ; that the plaintiff said nothing at that time about usury ; and that the defendant, relying on this statement, caused the assignment of said mortgage to him to be recorded, and paid Gibson, the assignor, a small balance then due on the consideration therefor. The answer further alleged that for several weeks previous to the assignment of said note and mortgage to the defendant, the plaintiff knew that he designed purchasing them, and frequently met and talked with the defendant, but never informed him of the alleged usurious character of the note and mortgage.

The court, at the request of the defendant, and against the objections of the plaintiff, directed the case to be tried by a jury. The plaintiff proved the usurious character of the original transaction, and the payment of an amount equal to the principal sum loaned, of which $40 were paid to the defendant, after the assignment to him.

The evidence on the part of the defendant is sufficiently stated in the opinion of the court.

The plaintiff asked the court to give certain instructions to the jury, of which only the 3d and 4th need be noticed. These were, " that a general payment by the debtor to the creditor, without any application by the debtor, should be applied to the payment of demands not forbidden by statute, and that if a general payment was made upon the note in this case, the defendant would not have had the right to apply the same on usurious interest;" and " that the law

will first apply a payment by a debtor on a usurious contract (when there was no agreement of the parties or direction by the debtor as to how it should be applied,) to the payment of the sum actually loaned." These instructions the court refused, but told the jury they must determine whether the contract was usurious as alleged in the complaint, and " that if the contract was usurious, it was competent for the plaintiff, in making the payments he did make, to direct the application either to the principal or interest; and if he made no application, it was competent for the holder of the note to make the application; but if neither party made any application before the commencement of the suit, the law would apply the payments upon the lawful demand, and not upon the usurious interest." The court also instructed the jury, that the plaintiff could not avail himself of the statute against usury, unless, before the commencement of the suit, he had paid or tendered the whole amount of the principal sum loaned; and " that if the defendant, before purchasing the note absolutely, was informed by the plaintiff that the note was right and would be paid, and, relying upon such statement, purchased the note for a valuable consideration, the plaintiff cannot recover." The verdict was as follows: " We, the jury, find no cause of action." To this finding the plaintiff, before the jury were discharged, excepted, and asked the court to instruct the jury what were the issues raised upon the pleadings, and direct them to find distinctly and separately upon the issues of fact raised upon the pleadings, which the court refused, and the plaintiff excepted.

The plaintiff moved for a new trial, because the verdict was contrary to the evidence, and did not pass separately upon all the issues of fact made by the pleadings; because it assumed to decide the whole cause of action, both issues of law and of fact; because the jury did not follow the instructions of the court, and find whether the contract was usurious as claimed by the plaintiff; " because any facts or circumstances destroying the plaintiff's cause of action, and not raised by the pleadings," should have been found specially, and the facts as found stated, so that the

January Term, court and not the jury should apply the law; and because
1861.      the fact as to how much of the principal sum loaned had

GILL        been paid, should have been specially found, as the court
v.
RICE.       might yet restrain the collection of more than the principal
sum.

Motion denied, and judgment for the defendant.

*John Fordyce*, for appellant:

The defendant could not avail himself of an estoppel, even if proven, which was not set up in the answer. *N. Y. Central Ins. Co. vs. National Ins. Co.*, 20 Barb., 468; *Brazill vs. Isham*, 2 Kern., 9; *Catlin vs. Gunter*, 1 Duer, 253; *Baker vs. Bailey*, 16 Barb., 57; *Fay vs. Grimsteed*, 10 id., 321; *Field vs. Mayor of N. Y.*, 2 Seld., 179; *Ferguson vs. Ferguson*, 2 Coms., 360; id., 506; 5 Wis., 537. 2. The plaintiff's payments could be applied only upon the legal demands of the holder of the note, i. e. on the principal, and not on usurious interest. 1 Am. Lead. Cases, 280; *Caldwell vs. Wentworth*, 14 N. H., 431; *Bancroft vs. Dumas*, 21 Vt., 456; *Bartholomew vs. Yaw*, 9 Paige, 165; *Stone vs. Talbot*, 4 Wis., 442. 3. This being an equitable action, the court should have required the jury to find the issues of fact only. R. S., chap. 132, sec. 6. And the verdict in this case not being in accordance with the testimony on the issues of fact, and no estoppel being either pleaded or proven, this court will reverse the judgment, according to its decision in *Johnson vs. Johnson*, 4 Wis., 135.

*Browne & Dreutzer*, for respondent, contended, among other things, that the plaintiff could not have the benefit of the defense of usury, until he tendered the principal sum loaned; that inasmuch as he did not tender the whole principal at the time when he paid $151 on the note, the interest remained a legal claim against him, and therefore a part of that payment was lawfully applied upon the interest then due, and the same reasoning applied to the second payment. 2. An estoppel *in pais* cannot be pleaded, but is given in evidence. *Welland Canal Co. vs. Hathaway*, 8 Wend., 483; 19 Johns., 490; 1 Gilbert's Ev., 87.

April 10.      *By the Court*, DIXON, C. J. If this were a legal instead of an equitable action, there can be no doubt that we should be

obliged to reverse the judgment and award a new trial for errors occurring in the instructions of the judge to the jury. But as it is a purely equitable proceeding, in which we must review the facts as well as the law, and as the proofs taken are all reported in the bill of exceptions, it must be determined according to the law and equity of the case as they appear to us from the testimony taken. The court below, somewhat irregularly as we think, referred the whole issue to the decision of a jury. Such issues are properly no more triable by a jury now, than they were before the adoption of the Code. And although specific questions of fact arising in them, may now, as before, be sent to a jury, yet the finding of a jury is not now, any more than it was then, conclusive upon the court. The duty still devolves upon the court to determine the case according to its convictions of the law and the facts. We must so decide the present case, and if by so doing it appears that the errors committed in the charge do not affect the final result, they must be disregarded.

It is clear that the court was wrong in refusing the third instruction asked by the counsel for the appellant, that a general payment by a debtor to a creditor, without any application by the former, should be applied to demands not forbidden by statute, and that if such payment were made, the creditor would have no right to apply it upon usurious interest. The contract to pay usury being void, it could not constitute an indebtedness to which the creditor could apply the payment. The same is true of the refusal to give the fourth instruction asked by the same counsel. The law in such cases will apply a payment upon a usurious contract, when no directions are given by the debtor, to the extinguishment of the principal sum loaned, when by law such sum can be collected. The judge was likewise wrong in charging the jury that the appellant could not avail himself of the statute against usury, until he had first paid or tendered the whole amount of the principal sum loaned. It has frequently been decided by this court that since the repeal of chapter 55, Laws of 1856, by chapter 160, Laws of 1859, no payment or tender of the principal sum loaned was necessary. *Root vs. Pinney* [11 Wis., 83], and *Wood vs. Lake*

[*ante*, p. 84]. He also erred in instructing them that if no application was made by the debtor, it was competent for the creditor to apply the payment to the usurious interest contracted to be paid. The reason for this has already been given. And even if such application had been made with the assent and by the direction of the debtor himself, he would still be at liberty to repudiate it, and have the money applied in payment of the principal sum loaned. See *Wood vs. Lake, supra,* and cases there cited.

But notwithstanding these errors, there is one feature of the transaction which we think is decisive of the merits of the controversy between these parties. It is the estoppel which was created by the declarations of the appellant to the respondent, made before the latter consummated the trade with Gibson for the note and mortgage in question. It conclusively appears from the evidence of the respondent and three other witnesses, who are uncontradicted, and whose testimony is in part corroborated by that of the appellant himself, that the respondent purchased the note and mortgage of the mortgagee, Gibson, without notice of the usurious taint or agreement, and that he paid therefor a full and valuable consideration ; that he took them at first upon condition, and with the privilege of returning them, if it should be ascertained that they were in any way defective ; and that whilst he so held them, he applied to the appellant, who informed him that there was $100 or over due upon them, being the sum then and now claimed to be due, with the interest, and that he should pay it as soon as he received some money which was due him from others. The appellant soon after completed the trade, and took the note and mortgage absolutely. It cannot be questioned that under the circumstances this admission constituted a perfect estoppel *in pais* against the appellant, and that he cannot be permitted to retract it against the respondent. The only difficulty arises from the imperfect and inconsistent averments of the answer. It is evident from the answer that the pleader relied upon and intended to set up the facts showing the estoppel, but in doing that, he has so framed his allegations that, strictly construed, they show that there was no estoppel. The evi-

dence was for this reason objected and excepted to by the <span style="float:right">January Term, 1861.</span> appellant. The court, acting without doubt on the evident intention of the pleader, and the fact that it was not claimed <span style="float:right">BACON<br>v.<br>BICKNELL el al.</span> that the appellant was surprised, admitted it, probably on the ground that the variance was immaterial. The statute (sections 33 and 34, chapter 125) goes a great ways in removing such objections, where it is not made to appear that the adverse party is misled, and confers a large discretion on the courts in directing the facts to be found in accordance with the evidence, or in amending the pleadings so as to conform them to the proofs made. But we think it would be going too far in this case, to disregard the variance and say that the judgment should stand, without an amendment of the answer according to the facts established. The judge should have ordered this to be done upon the trial. But since it is not pretended that the appellant was taken by surprise, or that the action was not, in this respect, fairly tried on its merits, we shall not, because of such omission, reverse the judgment, which upon the whole case is right and should be sustained. We shall affirm it, and direct the cause to be remanded, and that the answer be amended according to the facts proved.

The position of the defendant's counsel, that the variance may be disregarded because an estoppel *in pais* need not be pleaded, is incorrect. It was true at the common law (8 Wend., 483), but is not now. The Code requires *the facts* constituting the cause of action or ground of defense, whatever they may be, to be succinctly and clearly stated in the pleadings.

Ordered accordingly.