NELSON and another, Respondents, vs. CAMPBELL & CAM-
ERON COMPANY, Appellant.

*March 21—April 17, 1906.*

*Judgment: Former recovery: Extent: Amendment of pleading: Dam-
ages for cutting timber.*

1. Both court and counsel having tried the case on the theory that
   the question of estoppel by former recovery was properly
   within the general issue raised by the pleadings, on appeal the
   answer is regarded as amended accordingly.
2. In a former action against one C., plaintiffs demanded damages
   for the cutting and removal of all the timber from certain
   land, and it was undisputed that all the timber had been re-
   moved by a corporation to which C., claiming to be the owner
   of the land, had sold the timber. The case was submitted
   to the jury on the theory that, if plaintiffs were entitled to
   recover, they were entitled to recover for all the timber shown
   to have been taken from the land. The jury found for plaint-
   iffs, assessing the damages, and plaintiffs had judgment there-
   for, which was paid. *Held*, that plaintiffs cannot now recover
   damages from said corporation for timber removed by it before
   the date of the alleged sale, since full damages for the removal
   of all the timber were included in the former recovery.

APPEAL from a judgment of the circuit court for Waupaca
county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action to recover damages upon the ground that defend-
ant's agents and servants cut and removed timber from the
plaintiffs' land, the northwest quarter of the northeast quarter
of section 2, township 24, range 12, Waupaca county. Plaint-
iffs allege that they are now and since 1881 have been the
owners of this land, and that defendant's agents and servants,
between the 1st day of December, 1897, and the 3d day of
February, 1899, wrongfully cut and removed timber there-
from, to the plaintiffs' damage. The defendant denies that
plaintiffs owned the timber, and denies that its agents and
servants cut and removed it as charged.

It appeared upon the trial of the case that plaintiffs, in

January, 1901, brought an action against one Charles Church-
ill to recover damages from him for the cutting and removal
of the timber from this land, upon the ground that he, acting
as owner under a tax deed from Waupaca county, had author-
ized this defendant to cut and remove the timber from this
land.   The suit against Mr. Churchill was prosecuted to
judgment and resulted in a recovery of damages and costs by
the plaintiffs.   Such judgment was fully paid and was satis-
fied by plaintiffs before the commencement of this action.
The record of the Churchill case, including the evidence and
the court's charge to the jury, was offered and received in evi-
dence in this case.   From this it appears that Churchill
claimed to own this land after 1896 under a tax title from
Waupaca county, and as such owner, on February 3, 1899,
sold to defendant the standing timber on the land.   It also
appeared that Churchill did not contest the claim that the de-
fendant in this action, under the authority he had given it,
cut and removed the timber from the land.   The record and
evidence adduced upon the trial of the Churchill case also
show that these plaintiffs, in that case, claimed that all of the
timber which had been cut and removed from this land had
been cut and removed by the defendant's agents and servants
under the authority from Churchill so proven, and that upon
the trial of that case they demanded damages in full for the
removal of all of the timber, and that the case was submitted
by the court to the jury upon the theory that, if they found
plaintiffs were entitled to recover, they were entitled to re-
cover the market value of all of the timber shown by the evi-
dence to have been taken from this land.   It is now claimed
that the recovery in the Churchill case was limited to such
damages as this defendant committed under the bill of sale of
the timber dated February 3, 1899, the alleged authority from
Churchill.

The trial court submitted the issues raised by the plead-
ings in the case to the jury upon the evidence offered, and re-

stricted recovery to whatever timber the jury found under the evidence had been removed by defendant during the winter season of 1897–98. The jury returned a verdict for plaintiffs and awarded damages in the sum of $560. Judgment for this amount and for costs was accordingly entered. This is an appeal from such judgment.

For the appellant there was a brief by *Phillips & Hicks,* and oral argument by *E. R. Hicks.*

For the respondents there was a brief by *H. J. Severson,* attorney, and *McFarland & Murat,* of counsel, and oral argument by *C. D. McFarland.*

SIEBECKER, J. From the foregoing statement of the case it appears that the plaintiffs claimed the right to recover damages for the removal of the timber from the land owned by them, upon the ground that they had not recovered any damages for such trespass in their action against Churchill theretofore prosecuted to judgment. The charge in the complaint is a general one of trespass for removal of timber from plaintiffs' land between certain dates. The record of the trial shows that after plaintiffs had offered their evidence, tending to show that defendant had removed timber between the dates as alleged, the defendant then suggested to the court that it would defend upon the ground that the timber for which plaintiffs now sought to recover was, upon the facts adduced in evidence, included in the recovery in the action against Churchill, and that it had been fully paid for by payment of the plaintiffs' judgment in that case. At this point in the trial plaintiffs' counsel admitted payment to them of the judgment in the Churchill case, and informed the court that they did not claim the right to recover damages for the taking of timber from their premises for which recovery was had in the Churchill action, and they called for a ruling of the court to determine the extent of the recovery in the Churchill suit. The court thereupon ruled that the recovery in the Churchill

case was limited to a recovery for the timber removed after February 3, 1899, under the pretended authority of Churchill, given by the bill of sale bearing this date, and that the damages now claimed were not included in that recovery. This ruling was based upon the record and the evidence in the Churchill case, which had then been offered and was regarded as in evidence in this case. Plaintiffs' position before the court upon the question involved is fully disclosed as admitting that they could not recover for any timber included in their former recovery against Churchill. It was not objected that the question of estoppel by a former recovery could not properly be shown under the general issue raised by the pleadings. Court and counsel treated the subject as properly within the issues and tried the case upon that theory. Under these circumstances we deem it appropriate to regard the answer as amended to that effect. *Gill v. Rice,* 13 Wis. 549.

It remains to be determined whether the court erred in its ruling on this subject. An examination of the record and evidence in the Churchill case shows that the present plaintiffs prosecuted that suit and demanded damages for the removal of all the timber from the land in question. The evidence of both these plaintiffs in that action, as well as that of the other witnesses sworn by them, clearly claimed and tended to show that all the timber on the land had been removed by the present defendant under the claim of authority from Churchill, and that Churchill was liable for all the damages plaintiffs had suffered by and on account of such trespass. There appears to have been no dispute upon the trial of that action of the claim made by plaintiffs that the defendant had taken and removed all of the timber from this land, although Churchill and the present defendant claimed and insisted that it was removed by the latter under purchase of it from Churchill as owner of the premises. The jury found in that action that Churchill had no right to or interest in the land and that he was liable to the plaintiffs for the damages sus-

tained by the removal of the timber by this defendant under the alleged sale. The court submitted the question to the jury as to what amount of damages plaintiffs had sustained upon the plaintiffs' claim in that regard in this prior case. From this it results that, since the jury found plaintiffs were entitled to a verdict in that action, they must be held to have assessed· plaintiffs' total damages in the removal of all the timber from these premises. This amount has been paid and accepted by the plaintiffs. To permit a recovery in this action, under the circumstances, would of necessity result in allowing plaintiffs damages for the removal of timber which was included in the former judgment. Plaintiffs' counsel frankly conceded at the trial in the lower court and in argument on appeal in this court that the law would not permit them to recover damages which were included in the Churchill case, but it was contended that the facts showed that the present was not included in the former. This contention is not sustained by the facts. The record is clear and undisputed that the jury in the Churchill case must have included in their award of damages those now sought to be recovered. The court should have so ruled upon the trial.

*By the Court.*—Judgment reversed, and the cause remanded with directions to award judgment for the defendant.

CASSODAY, C. J., took no part.