SEIFEN, Respondent, vs. CITY OF RACINE, Appellant.

*September 13—October 9, 1906.*

*Judgment:* Res judicata: *Amendment of pleading: Immaterial error: Officers: Policemen: Attempted removal: Validity of appointment: Abandonment of office: Right to salary.*

1. A judgment against the validity of the summary removal of a policeman from office, rendered in *certiorari* proceedings wherein no question as to his original appointment was considered, does not render the validity of such appointment *res judicata.*

2. Refusal to allow a proper amendment of an answer was not a
   prejudicial error, where evidence was admitted as though the
   amendment had been made; and on appeal it will be deemed to
   have been made.
3. The evidence in this case—showing, among other things, that
   plaintiff performed the duties and was paid the salary of a po-
   liceman for a certain period; that he had theretofore, after ex-
   amination by the police commission, been placed upon the eligi-
   ble list; that a certificate approving his appointment, executed
   for the commission by its secretary, had been filed with the city
   clerk; and that he had duly qualified before entering the serv-
   ice—is *held* sufficient to show due appointment to the office of
   policeman.
4. Upon receiving notice of removal from office, believing he had
   been legally discharged, a policeman delivered to the city such
   articles of property as it had furnished to him for use in the
   performance of his duties, but upon obtaining advice of counsel
   that the attempted removal was invalid he commenced proceed-
   ings to test its validity. *Held*, that he had not acquiesced in
   the removal or surrendered or abandoned the office.
5. Shortly after an attempted removal of plaintiff from the office of
   policeman, other policemen were appointed, but to none of such
   new men were assigned the duties which plaintiff had per-
   formed, such duties being performed by an older member of
   the force. The salary attached to plaintiff's office was $65 per
   month, and the new appointees received each $55 per month.
   *Held*, that no other person was performing the duties and re-
   ceiving the emoluments of the office to which plaintiff had title,
   and that for the time during which he was unlawfully pre-
   vented from performing such duties he was entitled to recover
   the salary of the office.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

An action to recover the salary which plaintiff alleges is
due him as policeman of the city of Racine from February 1,
1905, to July 1, 1905, at the rate of $65 per month. It ap-
pears that plaintiff had been performing the services of a
policeman for the city from March 1, 1900, to the 1st day
of February, 1905, under an alleged appointment, and that
he had received the compensation of a policeman. On Jan-
uary 23, 1905, by letter from the secretary of the police and

·fire commission, plaintiff's resignation was requested, to take ·effect the ensuing February 1st. He disregarded the request. On January 28th he received notice, signed by the members ·of the commission, that he had been removed from the police ·department, and that the removal would take effect February 1st following. He thereupon left his keys and other belongings of the city at the police office, in the belief that they ·could be demanded of him after the notice given him. He was at that time of the opinion that he could not demand to be kept in the actual employ and the performance of the ·service of policeman. He thereafter consulted counsel and, pursuant to their advice, in May, 1905, he commenced *certiorari* proceedings to test the legality of the commission's ·action in summarily removing him. On July 5, 1905, the ·court decreed that the attempted removal of the plaintiff ·from his office of policeman was illegal, and declared the action for naught. Other proceedings were taken, and by this ·second proceeding plaintiff was regularly suspended and removed by the commission from and after July 1, 1905. Plaintiff was not assigned to perform any police duty from February 1 to July 1, 1905. The police and fire commission and the chief of police appointed policemen immediately after plaintiff had been notified of his summary removal on January 28, 1905, and they qualified and entered upon the performance of police duties for the city. The persons so appointed received a compensation of $55 per month. So far as appears, no person was appointed in the plaintiff's place, and the services on the particular beat which plaintiff had performed on and before he received the notice on January 28, 1905, were thereafter performed by a member of the police force who had been in the service for a considerable time before plaintiff was notified to quit the ·service.

The court found that from February 1 to July 1, 1905, plaintiff was a duly appointed and qualified police officer of

the defendant city; that the emoluments attached to the office consisted of a salary of $65 per month; that the attempted removal of the plaintiff from this office by the police and fire commission on January 28, 1905, had been declared by judgment of the court to be illegal and ineffectual, and that such judgment was still in force; that no person had been appointed to fill the office, and that from February 1 to July 1, 1905, no person occupied the office of policeman held by this plaintiff; that the action of the city, through its chief of police and the police and fire commission, prevented plaintiff from performing the actual service of this office for this period; and that plaintiff at no time had resigned, surrendered, or abandoned the office so held by him. Upon this state of facts the court held that plaintiff was entitled to judgment for the amount of the salary attached to the office, with interest from the time the monthly instalments were due and payable. This is an appeal from such judgment.

For the appellant there was a brief by *E. R. Burgess,* city attorney, and *M. E. Walker,* of counsel, and oral argument by *Mr. Walker* and *Mr. Roy Burgess.*

For the respondent there was a brief by *Thompson & Harvey,* attorneys, and *C. C. Gittings,* of counsel, and oral argument by *Fulton Thompson.*

SIEBECKER, J. The defendant asked leave to amend its answer, at the beginning of the trial of the case, by denying that plaintiff had ever been appointed a policeman for the defendant city as alleged in the complaint. The court held its ruling on this motion in abeyance, but permitted proof to be received as if an issue had been raised as to this question, and at the time of making its decision held the amendment unnecessary, upon the ground that this issue was covered by the judgment in the *certiorari* proceeding. That proceeding, however, does not show that any question was adjudicated except the one as to the sufficiency of the proceeding for the re-

moval of the plaintiff from the office of policeman, instituted January 28, 1905, by the police and fire commission. The question of plaintiff's original appointment to the office seems not to have been tried or considered in that proceeding, nor was it necessarily involved in passing upon the question then expressly determined by the court. Under these circumstances the judgment in that case upon that question is not *res adjudicata* in this case. *Lindemann v. Rusk,* 125 Wis. 210, 104 N. W. 119, and cases cited. Defendant's amendment should have been allowed; but, since the proof was received as if the issue had been raised, no prejudicial error was committed, and the answer will be deemed so amended on this appeal. *Gill v. Rice,* 13 Wis. 549; *Nelson v. Campbell & C. Co., ante,* p. 82, 107 N. W. 297.

It is urged that the evidence does not show that plaintiff was appointed a policeman as alleged. It appears that he entered the city's service as a policeman on the 2d day of March, 1900, that he performed the duties of that office until February 1, 1905, and that he was paid the salary attached to the office. It is contended that his appointment was not valid because the police and fire commission failed properly to approve it. Their action is evidenced by a certificate reciting that the board approved the appointment. This was executed for the board by the secretary of the commission and was filed in the office of the city clerk. It also appears that, after an examination to test his qualification, plaintiff had been placed on the list of the board as eligible to appointment in the service; that he duly qualified before entering upon the service by filing the proper oath and bond required by law. No evidence adduced impeaches the inference, from these acts, that the board took the steps required of it for plaintiff's appointment as a police officer. We must hold that the evidence sufficiently shows that plaintiff was duly appointed to the office at the time he entered upon the service.

It is claimed that plaintiff resigned, surrendered, or abandoned the office on February 1, 1905. This claim is predicated upon the fact that he acquiesced in the notice and demand of the chief of police and the commission of his removal from office, and surrendered to the city whatever articles of property he had in his possession furnished him by the city for use in the performance of his official duties. The evidence is clear that plaintiff was induced to deliver these articles in the belief that the city officers had properly discharged him from the service. Upon seeking the advice of counsel and being informed that the action taken was ineffectual, he protested against such action by instituting proceedings to set it aside and declare it for naught, and he thereby asserted his title to the office. The court properly held upon the evidence that he did not acquiesce in the removal, or surrender the office, and that he did not abandon it.

It is further contended that the court erred in finding that the duties of the office which plaintiff had held were not in fact performed and exercised by another person from the time plaintiff ceased performing them on February 1, 1905. It is averred that another person was in fact appointed to the office, and that he performed the services and received the emoluments attached to it for the period for which plaintiff now seeks to recover. Does the proof show that another person was appointed to the office held by the plaintiff, and that he performed the services and received the emoluments attached to it? The evidence material to the inquiry is that the police and fire commission and the chief of police selected several persons eligible to appointment in the police service of the city shortly after January 28, 1905, when they attempted to remove plaintiff and prevented him from performing the service, and that these persons entered upon and performed police duty under the direction of the chief of police, but that none of them were assigned to the performance of the duties which devolved on plaintiff before his at-

tempted removal from office, and that one of the policemen in the service before January 28, 1905, was assigned to perform the duties which plaintiff had performed before February 1, 1905. It also appears that plaintiff's office had attached to it a salary of $65 per month, and that the persons appointed to the service from February 1, 1905, received a compensation at the rate of $55 per month. This evidence warrants the inference, as held by the trial court, that no specified person was performing the duties and exercising the functions of, and receiving the emoluments attaching to, the office to which plaintiff had title up to July 1, 1905. Under this state of the facts there is no basis for the claim that another person performed the duties and exercised the functions of the office to which plaintiff had title, and hence there was no officer *de facto* who can be deemed to have received the emoluments of the office.

These considerations dispose of all the questions involved on this appeal. We must hold that the court properly adjudged that plaintiff held title to the office of policeman from February 1 to July 1, 1905, and was entitled to its emoluments.

*By the Court.*—Judgment affirmed.