## City of Paducah v. Gibson et al.

(Decided May 30, 1933.)

W. A. BERRY for appellant.

C. C. GRASSHAM and NUNN & WALLER for appellees.

Opinion of the Court by Judge Richardson—Affirming.

The city of Paducah, Ky., is a city of the second class. Before the institution of this action, Bud Gibson, L. E. Shaffer, Guy Harris, J. W. Brooks, V. Reams, and R. R. Wilkins were duly appointed and regularly employed members of the fire department of the city. They were the oldest members of the department in point of service. Originally the city existed under the aldermanic and councilmanic form of government. At that time section 3137, Ky. Statutes, authorized the selection of four citizens, freeholders of the city, who, with the mayor as ex officio chairman, constituted a board of commissioners, with authority to select and appoint the members of the fire department. Combs v. Bonnell, 109 S. W. 898, 33 Ky. Law Rep. 219. Section 3235c-1 et seq. authorized the city to adopt a commission form of government. Jones v. Cassidy, 154 Ky. 748, 159 S. W. 562; Bryan v. Voss, 143 Ky. 422, 136 S. W. 884. Section 3235c-2 provides that after a city avails itself of the act of which section 3235c-2 is a part, then all laws applicable to the government of cities of the second class operating under the aldermanic and coun-

cilmanic form of government, and not inconsistent therewith, shall continue to apply to the city availing itself of section 3235c-1. Originally, section 3138-3 provided that cities' governed by the commission form of government, through the city's commissioners, shall appoint the members of the fire department, examined and qualified as therein prescribed, who shall hold their positions during good behavior, "provided, however, that the provisions of this act shall not prevent the board from decreasing the number of firemen * * * as the said board may from time to time deem proper." Section 3138-4 contains this clause:

"No member * * * of the * * * fire department shall be removed from the * * * fire department, reduced in grade, or pay, upon any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the commissioners."

It also elaborately sets forth what charges may be preferred against and how the members of the fire department may be tried for these offenses and discharged from service.

Section 3138-5 allows an appeal from conviction to the circuit court, and thence to the Court of Appeals. Section 3138-3 was amended act of 1926 (chapter 127) by this provision:

"The provisions of this act shall not prevent the board from decreasing the number of firemen * * * as the said board may from time to time deem proper, and provided, further, that in the event the board decreases the number of firemen, * * * the youngest members in point of service * * * shall be the first to be reduced and returned to the eligible list of [the] * * * fire departments, there to advance according to the rules and regulations of said departments."

In the exercise of its legislative power the board of commissioners of the city, on the 31st day of March, 1933, adopted a resolution reciting that the revenue of the city had sustained a substantial decrease and it was necessary to curtail the expenses of all departments, and thereby directed and empowered the mayor to decrease the number of men employed by the fire department by ten and to close two, or less, fire stations. In carrying out this resolution the members of the fire department here-

in named were discharged from service. At that time Bud Gibson had been in the service of the fire department seventeen years, L. E. Shaffner fifteen years, Guy Harris twelve years, J. W. Brooks eight years, V. Reams seven years, and R. R. Wilkins seven years. At the time of their discharge there were retained in the services of the fire department, Frank Gholson, Glenn Poore, Charles Swenter, Frank Coryell, F. F. Williams, Lote Plumblee, G. L. Barber, and C. L. Pryor, who, the plaintiffs charge, had been in the service of the department less period of time than any of the plaintiffs. On issues formed by appropriate pleadings, and the evidence in behalf of the parties, the court found and decreed that Bud Gibson, L. E. Shaffer, Guy Harris, J. W. Brooks, V. Reams, and R. R. Wilkins were entitled to a mandamus requiring their reinstatement and restoration to their several positions in the same departments, at the same wages and in the same relative order, rank, and standing held by each of them on March 31, 1933. The court reserved the question as to their right to the salary that had accrued to each of them since March 31, 1933, and to the date of their restoration to their respective positions.

The finding of the facts of the circuit court is not here disputed. The city is urging that sections 3138-3 and 3138-4 are not applicable to the commission form of government, under which the city is operating, but that section 3137, which was applicable to the aldermanic and councilmanic form of government is applicable and controls the city, and the commissioners in the selection, appointment, and discharge of the members of the fire department. The resolution which is the source of the authority of the mayor to discharge the appellants as members of the fire department shows its adoption by the commissioners of the city, connoting that the government of the city is commission form and not aldermanic and councilmanic. No reason or authority is assigned by the city for asserting that the statutes controlling cities under the commission form of government are not applicable and controlling in this case, other than mere assertion. We cannot concur therein.

It must be observed that section 3137 applies and controls cities operating under the aldermanic and councilmanic form of government, whereas section 3138-3,

as amended by the act of 1926, governs such cities operating under the commission form of government.

The quoted clause of section 3138-3 is plain and unambiguous. It confers upon the city authority to increase or decrease the members of the fire department. The commissioners were expressly authorized by section 3138-3 to adopt an ordinance directing the mayor to discharge the members of the department for the sake of economy. City of Middlesboro v. Byrd, 247 Ky. 348, 57 S. W. (2d) 49. But in carrying it out, the mayor, the commissioners, and the city itself, were without authority to disregard that portion of the language of section 3138-3 providing for seniority and requiring "the youngest member in point of service * * * shall be the first to be reduced and returned to the eligible list of [the] * * * fire departments" and the rights of the members to advancement in the service according to the rules and regulations of the fire department. Their construction of the statute not only violates its own language but denies the legislative purpose therein expressed. Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256; American Tobacco Co. v. Commonwealth (Ky.) 115 S. W. 755. The language used respecting the rule of seniority of service must be construed and followed as it is written. Goose Creek Lumber Co. v. White, 219 Ky. 739, 294 S. W. 494; Commonwealth v. Phoenix Amusement Co., 241 Ky. 678, 44 S. W. (2d) 830. The city in its brief points us to no authority sustaining a disregard of the expressed language of the statute. While the city had the power to reduce the number of firemen, but in the exercise thereof, it was its duty to regard the statutes providing for seniority of the members of the fire department.

No reason appearing in the record and none being pointed out in the briefs warranting a reversal of the judgment of the trial court, it is affirmed.