## City of Paducah v. Singery.

### Same v. Gibson.

(Decided Oct. 9, 1934.)

W. V. EATON for appellant.

NUNN & WALLER and C. C. GRASSHAM for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The board of commissioners of Paducah adopted a resolution reducing the fire department of the city by ten men, and pursuant thereto discharged six members who were oldest in the service instead of the youngest members, as is required by the statutes. In City of Paducah v. Gibson, 249 Ky. 434, 61 S. W. (2d) 11, we affirmed a judgment of mandamus requiring the reinstatement of those six men to their several positions. The matter of their salaries had been reserved.

The city also reduced the personnel of the police force and a similar suit was filed by fifteen policemen who had been discharged. Disposition of that case below was abated by agreement pending our decision in the firemen's or Gibson Case. After that opinion was delivered the policemen's case proceeded. In addition to a traverse, certain affirmative defenses were made to the effect that some of the plaintiffs had been acting only under special employment; that Almy, Glenn, Clark, and Weatherford did not possess seniority sufficient to qualify them to restoration; and that Hill had voluntarily resigned. An amended answer pleaded generally that their places had been filled by others as de facto officers who had performed their duties and been paid therefor by the city. After hearing the evidence upon the issues thus formed, it was adjudged that twelve of the plaintiffs had seniority rights, and that the city had kept on the roster younger members of the force, but that the plaintiffs were not entitled to recover their salaries of the city for the period of suspension. No disposition was made of the claims of the plaintiffs, Almy, Clark, or Glenn. The fifteen plaintiffs appealed

from the judgment, and in Singery v. City of Paducah, 253 Ky. 47, 68 S. W. (2d) 770, it was reversed.

We recognized in that opinion the rule that where a municipal officer has been removed and reinstated in office because his removal was illegal he is entitled to his compensation for the period of suspension if no one had been appointed to fill the vacancy caused by his removal or had performed the duties of the office and been paid therefor; and, per contra, that where the place had been filled by a de facto officer the suspended person may not recover his salary from the municipality. Applying it to the case, it was observed that the city had not alleged or attempted to show that others had been appointed or had served in the place of these men or had been paid in their stead; and further, "their illegal suspension in the circumstances is in no sense equivalent to filling their offices." It was also stated "their discharge being void the roster as to them as it existed at the time of their discharge not being full and no one having been appointed to fill the vacancy created by their discharge," the case came within the rule permitting recovery of salaries. The opinion did not direct any judgment to be entered, but remanded the case for proceedings consistent with the opinion.

Upon its return the city filed an amended and supplemental answer. Paragraph 1 referred to the judgment as having fixed the order of seniority of the several police officers before the reduction resolution, and that the plaintiffs, Clark, Almy, and Glenn, were 22d, 25th and 28th, respectively, in rank, and that their dismissal was proper; hence that they were not entitled to compensation. The allegations of this paragraph were conceded, and no judgment was rendered in favor of these three men. They went out of the case. Paragraph 2 pleaded justification for the removal of Singery, Carter, and Thornton, in that it had been the judgment of the city authorities that younger, more alert and efficient men should be and had been appointed to their places and paid. As to Hayes, it was averred that his place as patrol wagon driver had been abolished, and no one had been appointed in his place. In several other paragraphs it was alleged that Rickman, Martin, Glenn, Weatherford, Lennon, Jackson, and Gilliam had been dismissed by the commissioner of public safety because their services were not satisfactory, and, while he was

without authority to dismiss them, they had made no complaint nor demanded a trial or reinstatement by the board of commissioners; that the board had never acted upon the matter of their wrongful removal; and that their absence from the force was due to their voluntary action, although it was at the unauthorized request of their superior officer, and could not be regarded as wrongful or unlawful so as to render the city liable for their salaries. Another paragraph set up in detail that Hill had been discharged by the commissioner of public safety for certain gross derelictions of duty, and that he too had made no complaint to the board and came in the same class as the others mentioned. In paragraph 9 the defense was set up more specifically than originally, and somewhat argumentative in form, that the places of the men discharged had been filled by those retained on the roster who were younger in service. Paragraph 10 set up certain tax levies and appropriations for salaries to the policemen and the rates of monthly pay which had been paid to the men alleged to have taken the place of the ones wrongfully discharged. A demurrer was sustained to all of this pleading except the last paragraph, and a motion to strike all of it except that which set up the rate of pay was sustained. Judgment was rendered in favor of the twelve policemen for their compensation during the period of their suspension. The city appeals from that judgment.

The firemen's suit was brought by Gibson and five others to recover their places and their salaries during the period of suspension. The answer was but a traverse. It was found in the judgment that they had seniority rights and that eight certain men junior in service had been retained in the department. Although it was stated in the opinion in the Singery Case that the salaries of the firemen also were involved, that branch of their case had not in fact been passed upon below, as stated above, and that matter was involved only because the Singery decision would establish their rights by way of a precedent. The city thereafter filed an amended and supplemental answer in that case setting up in substance the adoption of the resolution reducing the force and necessitating the discharge of ten men; that the entire appropriation made for the firemen for the period covered by the claims of the plaintiffs had been fully paid after their discharge to the men who had been retained in the service; and that the complement

provided for and permitted by the ordinances of the city had been maintained. These facts were plead in defense of the action. There was no express plea that the places of the discharged veteran firemen had been filled; it was merely that the roster was kept full. The court struck all of this pleading except that which set up the suspension of the plaintiffs and the rates of pay, and accordingly a judgment was rendered in favor of each of the six men against the city for their salaries. The city appeals from that judgment.

In respect of the plea of acquiescence in the wrongful removal of some of these officers by the commissioner of public safety for reasons other than to reduce the force, it may be noted that in Seifen v. Racine, 129 Wis. 343, 109 N. W. 72, where a policeman was unlawfully removed and ceased to perform service, surrendering all property in his possession believing that he was properly discharged, but protested against the removal when he learned that it was illegal by filing an action to set it aside, it was held that he did not acquiesce in the removal or surrender or abandon his office so as to bar him from recovering compensation.

The two appeals present the argument whether or not the former opinion in the Singery Case makes the question of liability of the city for these salaries res judicata or settled by the law of the case rule. It could not be in the firemen's case, for, as stated, only the judgment in the policemen's case was directly involved. While the policemen's case had been decided on its merits, the opinion left the way open for further action, and permitted the city, if it could, to bring its defense within the decision on the law. The amended and supplemental answer in its essence really presented nothing new. We may for the purposes of this opinion grant that the former decision in the Singery Case did not render the claims res judicata in either case, and consider specifically the only point in issue.

To sustain their contention that these men are not entitled to recover their salaries under the rules laid down, the appellants argue that the city had the right to establish the number of men who should constitute these departments, and, since the rosters so established had been kept full at all times, there were no vacancies; that the places of the appellees were filled by others who had performed the duties which they would have

performed had they been retained, and those others had been paid in their stead. The cases of this kind heretofore before the court have not presented exactly similar facts and are distinguishable in a more or less degree. They have been cited in the previous opinion. The argument that the men wrongfully retained took the places of the men wrongfully discharged does not seem to us to be sound. The lopping off of the top of the roster instead of the bottom did not have that effect. The younger men remained at the bottom of the roll where they had always been. They kept their own places. They remained the junior men. Others who were retained continued to be their seniors. We cannot concur in the view that they took anybody's place.

Upon the whole case, we think that every defense the city had to these claims for salaries of those who lost their places through an error of judgment or a mistaken construction of the law on the part of the governing authorities has been fully presented. But our conclusion is that the judgments are proper and should be affirmed.