## Marcum, Mayor, et al. v. Boggs et al.

(Decided March 15, 1935.)

THOMAS F. YOUNG for appellants.

HIRAM H. OWENS, T. B. CULTON, J. B. JOHNSON and TYE,
SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The mayor and commissioners of the city of Corbin
have appealed from a judgment requiring the restora-
tion of Boggs et al. to their seniority rights as police-
men and holding the employment of certain men as
detectives to be invalid. Corbin is a city of the third
class, is under the commission form of government, and
previous to January 16, 1934, it had a police force of
six men, as provided by Ordinance No. 1259, which
ordinance was repealed on that date and the number
of policemen reduced to four. G. W. Boggs et al., who
had been dropped as policemen by the reduction of the
number from six to four, filed suit against the mayor
and commissioners and asked the court to require them
to restore to appellees their seniority rights and to
increase the number of policemen to six, to reinstate

them as policemen, etc. The court ordered these men restored to those seniority rights (as inactive policemen) which were theirs under subdivision three of section 3351a-2, Ky. Stat., which forbids their removal except for cause, and the correctness of that action is our first question.

### Had These Men Any Seniority Rights?

The mayor and commissioners claim these men were never regular policemen, and the determination of that question requires a look into the way in which they became such.

In April, 1933, the then governing authorities of Corbin enacted an ordinance, No. 1294, providing for what was termed "reserve policemen," from which body future policemen were to be promoted as needed. Applicants for positions thereon were required to possess the qualifications, take the examination, etc., required by section 3351a-2, Ky. Stat. Several applied and passed the examination, and on May 16, 1933, John V. Smith was elected reserve policeman No. 1, W. D. Early No. 2, G. W. Boggs No. 3, Milford Anderson No. 4, and W. B. Owens No. 5, etc. They gave bond, took oath, etc. Later one member of the police force was killed, one resigned, one became ill, and one was suspended, and as a result thereof, by the 1st of July, 1933, Smith, Early, Boggs, and Anderson had been inducted into the city's regular police service, and they continued to serve as regular policemen of Corbin until in January, 1934, when, by the reduction of the force to four, two of these men were displaced, one who had been on leave of absence returned and displaced another, one who had been suspended was reinstated, etc.

By section 3351a-1 et seq. the city authorities are vested with power to select and control these policemen, and provision is made regarding their qualifications, etc., concerning which no question is made. The sole reliance of the appellants is rested upon the manner in which these men were selected. It is conceded that, if the former governing authorities had selected these men directly, they would have been entitled to the seniority rights adjudged them, but, because they selected them by promoting them from this reserve force after election thereto, it is insisted they never in fact became policemen. The statute is very definite regarding qualifications of policemen, but is not specific

regarding manner of their selection, and we are unable to see any vitiating irregularity in the way these men were selected. Hence the judgment according to them their seniority rights is not erroneous.

## The Number of Policemen.

The act of the mayor and commissioners in reducing the force from six to four was a matter placed by section 3351a-1 entirely within their discretion, with which the courts should not interfere unless it were clearly abused, and under the evidence the court properly refused to do so in this case, and the complaint made of this on cross-appeal is without merit.

## The So-Called Detectives.

The opening sentence of chapter 132 of Acts of 1926, now section 3351a-1 et seq., is:

"The number of firemen, policemen, detectives and officers of the police and fire departments in cities of the third class shall be such as the general council or commissioners, where the commission form of government prevails, may from time to time, ordain."

The word "detectives" does not appear in the title of that act, and its use in this sentence was not intended to authorize the appointment of detectives except as police officers. They have no status except as policemen. Of course, a city may designate certain of its policemen to act as detectives, but it cannot under this act appoint men detectives who are not policemen, and could not, in disregard of the seniority rights of inactive policemen under the guise of selecting detectives, employ the men it did. The evidence shows these men made arrests, waited on the court, summoned jurors, subpœnaed witnesses, and otherwise conducted themselves as policemen, and thus it appears their employment as detectives was but a subterfuge to deprive the appellees of their seniority rights, and the judgment properly held their employment invalid.

The argument of the mayor and commissioners that they should have officers in harmony with them might well be addressed to the General Assembly, but we have to follow the statutes, and so must the city.

The judgment is affirmed on both the original and the cross appeal.

The whole court sitting.