## City of Covington et al. v. Trenkamp.

June 20, 1941.

Stanley Chrisman and Jos. W. Dotchengall for appellant.

J. Richard Udry for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Trenkamp was plaintiff below and the city, along with its administrative officers, defendants. Trenkamp based his right to relief on the following facts: In March of 1934 he was employed by the city as a truck driver, and was thus engaged until March, 1936, when he was

given a position as storekeeper, both positions then being and still in the Public Works Department. In this latter job his duties were to dispense gasoline to and service defendant's trucks; care for various tools and supplies kept in the city garage; make reports of his activities, such as checking in and out materials and supplies, mileage on cars, consumption of gas, etc., sometimes driving trucks, and assisting the chief clerk in office work.

In his petition which sought to have the court direct the authorities to restore him to former status and pay, he set out the enactment by the General Assembly of what is known as the "civil service statute," relating to municipal employees, now embodied in Kentucky Statutes Supplement 1939, Section 3235h-1 et seq. In furtherance of this statute the city legislative body enacted ordinance No. 3062, effective September 15, 1938, creating the Boards provided for in the act.

Plaintiff was an employee prior to and at the time of these enactments, and had accepted and complied with the terms of the ordinance. On February 29, 1940, the commissioners by amended ordinance, reclassified the various employees of the city. In this classification the position of storekeeper was abolished; Trenkamp's dismissal followed.

In support of his claim for relief Trenkamp alleges that the classification (by amended ordinance) was not made in good faith, nor in the interest of the economical or efficient operation of the city government, but arbitrarily and without regard for the efficient operation of the city's affairs, "wholly by the whim, selfish desires and motives of those in power to carry out a definite plan of removing this plaintiff," without preferring charges against him.

He alleges that the work performed by him as storekeeper was necessary in the particular part of the city government, and that "the work had not been abolished," and the services formerly performed by him are now being performed by others, junior in service, without saving or more efficiently. At the time of his dismissal Trenkamp was receiving $145 per month, and says that he has been at all times since, willing and able to take up his duties as storekeeper at the same rate of pay. He asks for back pay at the rate mentioned; for an

order directing restoration to former service, and for all other relief to which he may be entitled.

In due time the city authorities made answer, first denying the allegations with regard to the duties assigned to or performed by Trenkamp in his latter employment. They admit the enactment of the law and the ordinances, original and amendatory, and that by the latter the position of storekeeper was abolished, but deny all allegations of Trenkamp as to the intent and purpose attributed by him, and such other allegations as they deemed material to the issue.

In an affirmative plea the city asserted that on January 1, 1940, it found itself with a great floating indebtedness, much of which was created by reason of employment "in useless and unnecessary positions; that to maintain the faith and credit of the city it was necessary to economize; to reduce forces and abolish positions which were created for political purposes only, and not for the efficient and economical government of the city," all in accord with the Statutes.

We have not given these provisions in full, but they will be found complete in City of Covington v. Crolley, 283 Ky. 606, 142 S. W. (2d) 151, where we had under consideration the construction of these same statutes and ordinances in respect of seniority rights, the chief question therein being when Crolley's seniority rights attached, a matter not under discussion here.

By agreement of parties, since it appeared that the two divisions of the Kenton circuit court had before the respective judges thereof cases involving similar questions, the two judges heard the instant case, and rendered a joint written opinion which is incorporated in the record. In this opinion there is a fair recital of the facts and issues, as we have detailed them above. The chancellors reduced the issues to two questions:

(1) "Did the city have the right to abolish the job held by Trenkamp?" (2) "If the city had this right, has Trenkamp by virtue of his seniority the right to any other position under the Department of Public Works?"

We assume that the first question involves the right of the city to abolish an office or position, or dismiss an employee in a good faith effort to better the economic

interest of the city's government, and this issue is presented. However, in the state of the record before us, we are limited only to a consideration of question (2) supra, stated in this way: Under the facts as presented, including the admission that Trenkamp was not discharged following preferment of charges and a hearing, was he entitled to be restored to a position as truck driver in the Department of Public Works, assuming that there were employees doing his character of work who were junior in point of service with the city?

In an opinion prepared by the two judges and incorporated in the record, the writers conceded that the city had the right to abolish Trenkamp's position as storekeeper, provided it was done in good faith, as a measure of economy, and while the opinion recited that under the facts adduced Trenkamp was entitled to "be restored to a clerical position, if any, filled by a younger employee in point of service, if any, under certain circumstances, which if not existing, would entitled him to be placed on the payroll as a truck driver."

Apparently the court did not find "certain circumstances" existing, since the judgment rendered directed the officers of the city to restore Trenkamp to a position of truck driver in the Department of Public Works, and to pay him the monthly salary of a truck driver, or the salary he had been drawing as a truck driver when engaged in such work, subject to a determined credit for such sums as he had earned since his release in March, 1940. It was also provided that there should be further credits for earnings by the plaintiff since the taking of proof and the submission of the case, and that the monthly allowance should be subject to any increase of truck drivers' salaries, which may be made before the restoration of plaintiff to his position. Since the case is apparently still on the docket of the court for such orders as would comply with the rulings in respect of scaled payments, it would not be amiss to provide that such payments should be subject to any decrease in truck drivers' salaries, in the class to which Trenkamp belongs, where such are legally made.

It will be seen from the recital above that the court did not adjudge that Trenkamp be restored to the position of storekeeper, or to a similar position in the garage division of the Department of Public Works. The

court, in judgment at least, did not pass on the question of the city's right to abolish the storekeepership in the interest of economy or otherwise. Trenkamp apparently accepted the judgment of the court, since he very shortly after his release made formal application for a position as truck driver, and he has not prosecuted cross-appeal from the court's judgment. It also appears that his application is filed, awaiting the outcome of this proceeding.

In the Crolley case, supra, which came up from the same city, and involved the same laws and ordinances, we gave construction to the laws and ordinances, determining their meaning and effect as applied to the facts in that case. The purpose and effect of a similar law was also discussed in Marcum v. Boggs, 258 Ky. 401, 80 S. W. (2d) 36. Insofar as applicable, these cases must necessarily apply here. City of Paducah v. Singery, 255 Ky. 644, 75 S. W. (2d) 210.

There is no argument here but that Trenkamp began work for the city as a truck driver in March of 1934, nor is it contended that he was not an efficient employee. The fact that no charges were preferred against him on this ground would so indicate. There is no dispute as to the fact or time of his so-called promotion or his discharge. The pertinent point is the finding of the court that: "The proof is clear that employees younger in service than Trenkamp have been promoted to the position of truck drivers." As we view the proof this appears to be true in some three or more instances.

In argument on the point we are to determine, the city correctly admits that the rights of Trenkamp are to be governed by the pertinent statutes and ordinances. Counsel points to Section 3235h-2, Kentucky Statutes Supplement 1939, which empowers the city to adopt the civil service provisions of the law, making it the duty of the commissioners to hold examinations of applicants for employment, "within the several departments" of the city government. This is followed by a subsection which provides the method.

We take this to apply to so much of the cause before the court below, as was based on the insistence that Trenkamp could not be dismissed by the abolishment of his storekeeper position, or could not be restored to the

same or a like quasi clerical position. The examination provided does not apply to Trenkamp, particularly with reference to the job of truck driver, since it is undisputed that he was in the continuous employ of the city long prior to the adoption of the law and pursuant ordinances.

The Act of 1938, Section 3235h-5, provided that the examination should not apply to such employees as had been in the city's service for one year, and it was in effect at the time of Trenkamp's removal, and application for position of truck driver. The proof shows him to have been well qualified for this position; furthermore the city commissioners did not suggest or demand examination.

It is argued that if the city had "attempted to put him in the class of truck driver, he could have demanded his former pay of $145 per month," citing City of Knoxville v. Smith, Tenn., 138 S. W. (2d) 422. We have observed the case referred to and find that in the charter of the city in respect of civil service, there was a right of transfer from one position to another in the same department, with no mention of salary reductions. However, there was a provision in the act which prohibited reductions in pay upon transfer, unless certain facts existed to be exemplified by charges preferred. But we are not concerned with the question here, for reasons above stated, and since Trenkamp is not complaining we shall not determine the matter solely on the suggestion of a possibility, or what might have been a probability.

We are pointed to no case by counsel which gives us ground to hold otherwise than as we, and other courts, have held under the same or similar laws and ordinances. The civil service rules were enacted for the protection of employees who have given long service to the employer. Without further discussion of the controversy presented on this appeal, we are of the opinion that what we said in the Crolley case, supra, and City of Paducah v. Gibson, 249 Ky. 434, 61 S. W. (2d) 11, in giving our construction of the law, is not only applicable but conclusive.

There is little or no controversy as to the correctness of the court's action in allowing back pay to Trenkamp, perhaps so because of our holding in City of Pa-

330

ducah v. Singery et al., supra. We are of the opinion that the court properly ordered Trenkamp's restoration and allowed him back pay.

Judgment affirmed.