CASE 30—AGREED CASE—NOVEMBER 21.

# Board of Councilmen of City of Frankfort et al v. Brawner et al.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. STATUTORY CONSTRUCTION—POWER OF CITY COUNCIL TO ABOLISH OFFICES.—It is a well settled rule of construction, that an office not fixed by the Constitution, but established by statute, may be abolished by statute, unless a contract right has been secured by the incumbent; and the board of council of a city, in the exercise of a discretion given it by statute, may at will abolish a city office which it has established. In this case the city charter provided that the council might, by ordinance, establish a Board of Public Works, but when such board had been established the duties thereof were to be performed by the council and such employes or agents as it might designate, thereby manifestly intending to give the council the power to abolish those offices in its discretion, and it is held that such offices after having been established by the council may be abolished by it at its pleasure, notwithstanding a further charter provision that the members of such board shall hold their offices for four years, and until their successors are appointed and qualified.

2. EMPLOYER AND EMPLOYE—CONTRACT.—A contract between the Board of Public Works and its employe for the performance of certain work is not binding and enforceable upon either any

Board of Councilmen of City of Frankfort, et. al., v. Brawner, et. al.

longer than the relation of employer and employe exists, and
this relation may be terminated by either at any time.

3. COMPENSATION PENDING APPEAL.—The members of the Board of
Public Works and their employes having in good faith performed
the duties of their respective offices since the judgment of the
circuit court in their favor, and that judgment not having been
superseded, they should receive their compensation up to the time
the mandate of this court is entered.

W. H. HOLT FOR APPELLANTS.

1. The power given by statute to the board of council to create the
Board of Public Works carried with it the implied power to abol-
ish that board at will, there being nothing in the statutes showing
a legislative inteht to withhold the power to abolish. (29 N. J.
Eq., 478; Dillon on Mun. Cor., secs. 231-2, note 1.)

2. The fact that it is provided in the charter that the members of
the Board of Public Works shall hold their offices for four years
does not take from the council the authority to abolish the board
during that time. (Halsey v. Gaines, 2 Lea, 816.)

3. There is no property or vested right in an office, and it can not
be the subject of contract. The right to compensation grows out
of the rendition of the services, and not out of contract. (Throop
on Public Officers, secs. 18-19; Conner v. The Mayor, 5 N. Y., 296;
2 Duvall, 443; 12 Bush, 438.)

W. H. SNEED ON SAME SIDE.

1. The authority given by statute to create the Board of Public
Works goes hand in hand with the power and privilege to destroy
or abolish that board at any time. (Throop on Public Offi-
cers, secs. 17-19 and notes; People v. Murray, 5 Hunn. (N. Y.);
Dononin v. Will Co., 100 Ill.; Williams v. City of Newport, 12
Bush, 438; Staniford v. Wingate, 2 Duvall, 442; Amer. & Eng.
Enc. of Law, vol. 15, p. 1046.)

2. The contract between the Board of Public Works and its em-
ployes, by which the latter were to serve the city four years, is
invalid; and each of said employes could have been dismissed
at any time by the board, notwithstanding the contracts. Such
an employment may be terminated at any time by either party.

T. L. EDELEN FOR APPELLEES.

1. While under the provisions of the charter the Board of Public

'Works was authorized to remove its employes at pleasure the employes who had entered into the contracts to perform these services for a specified time, and given bond to do so, had no right to quit the work at any time, and an action might have been maintained against them if they had. (Hall v. Wisconsin, 103 U. S., 5.)

2. The city council had no power to abolish the Board of Public Works before the termination of the period which the charter prescribed as the terms of office of its members; that period being manifestly intended by the Legislature as the life time of the board, (Stadler v. Detroit, 13 Mich., 346; Vason v. Augusta, 38 Ga., 542; Dillon on Mun. Cor., secs. 89 and 207; 1 S. C., 463; Carr v. St. Louis, 9 Mo.; Chase v. Lowell, 7 Gray, 35.)

R. B. FRANKLIN OF COUNSEL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Section 3426 Kentucky Statutes is as follows: "The common council of the cities of the third class *may*, by ordinance, establish a board of public works to consist of three freehold electors of said city and who have been *bona fide* residents of the city so establishing said board of public works for two years next before their appointment. Said ordinance shall require the mayor of said city to appoint said board of public works in one month from the passage of the ordinance creating said board, and no two of said members of the board of public works shall be selected from the same ward. Where no board of public works has been established the duties herein imposed shall be performed by the common council and such other employes and agents as said common council may elect or designate.

Section 3427 provides: "The members of said board shall enter upon the discharge of the duties of their

office as soon as appointed, and shall hold office four years and until their successors are appointed and qualified."

February 1, 1896, there was submitted to the Franklin Circuit Court a controversy between Robert B. Franklin, D. C. Crutcher and John W. Pruitt, claiming to be the board of public works of Frankfort, a city of the third class, and Geo. A. Brawner, claiming to be pipeman of the fire department of said city, as plaintiffs, against the common council of the city of Frankfort, and Jas. F. Smith, claiming to be pipeman of the fire department, defendants. It was agreed that October 22, 1895, an ordinance was passed by the then acting and qualified members of the Board of Councilmen, "establishing a board of public works and defining the duties of the same." That November 2, 1895, the plaintiffs were duly appointed members of said board of public works, and they were in due time qualified and entered upon the discharge of their duties. That November 26, 1895, various municipal officers were by said board of public works duly appointed, including George A. Brawner, appointed pipeman of the fire department, and who took the required oath and entered into a written contract binding himself to perform duties of that office for the stipulated salary.

It is further agreed that January 10, 1896, the council of said city, composed of members thereof elected at the preceding November election as successors of those composing the board of council October 22, 1895, passed an ordinance repealing the one "establishing a

board of public works and defining the duties of same."

It also appears that January 21, 1896, Jas. F. Smith was by the then existing board of councilmen elected pipeman for the fire department, and thereafter, having taken the oath of office and executed the bond required, notified captain of the fire department and said Brawner he was ready to discharge duties of that office, but was refused.

Upon that agreed statement of facts the lower court rendered judgment, now appealed from, that Franklin, Crutcher and Pruitt, notwithstanding the repealing ordinance mentioned, were still legal members of the board of public works, empowered to exercise all functions and receive emoluments thereof. It was further adjudged that Brawner was entitled to discharge duties and receive compensation as pipeman of the fire department. While powers and duties of the board of public works of a city of the third class are fully prescribed by statute, and can not, while it exists, be restricted or interfered with by ordinance, whether such board shall be established at all in a particular city of that class is by plain language of section 3426 made discretionary with the common council thereof. It is a well-settled rule of construction, always recognized by this court, that an office, not fixed by the Constitution, but established by statute may be abolished by statute, unless a contract right has been secured by the incumbent. (Standiford v. Wingate, 2 Duval, 442.) And we know no reason why a municipal legislature that has, in exercise of discretion given by the General Assem-

bly, established a city office may not, at will and at its pleasure, abolish it.     That the statute was intended to give such discretion to the common council of a city of the third class, is made manifest, not only by the language of section 3426, but by section 3125, which, while giving the same discretion to the general council of a city of the second class to establish a board of public works expressly provides such board, if established, shall not be abolished within six years.

In our opinion the ordinance of January 10, 1896, was valid and effectual to abolish the board of public works, and thereafter the duties imposed upon it by statute were to be performed by the common council and such other employes and agents as said common council might elect or designate.

We further think the contract between the board of public works and Brawner was not binding and enforcible upon either him or the city of Frankfort any longer than the relation of employer and employe existed, which either might terminate at will.     But inasmuch as the members of the board of public works and those employed by them appear to have in good faith performed the duties of their respective offices, and judgment in their favor was not superseded, it seems to us they should receive compensation up to time the mandate of this court is entered.

Judgment of lower court is reversed and case remanded for further proceedings consistent with this opinion.

The following response to a petition for a rehearing was delivered

*Per Curiam.*

The petition for re-hearing in this case is based upon the theory that there is something analogous to contract right in the tenure by which the members of the board of public works of Frankfort hold their offices. There is no such analogy. They hold, as do persons holding offices created by the Legislature, subject to the power of the body which created the office to abolish it. In each case the power is a delegated power. The municipal legislature derives its power from the Legislature of the State, and the General Assembly derives its power from the Constitution. In each case the power to create implies and carries with it the power to abolish. The General Assembly is empowered by section 107 of the Constitution to create county and district offices for a term not exceeding four years. But it will hardly be contended that, having created an office with a term of four years, the General Assembly may not abolish it in two.

Nor is there any analogy between the case at bar and the illustration of counsel of an agency to make a lease for a specified term. The principal, through his agent, *binds himself by a contract.* There is no contract right to a statutory office.

We can not agree to the contention of counsel that we can consider the alleged fact that the charters of cities of the various classes were drawn and adopted without any reference to each other. On the contrary,

by a cardinal rule of construction, we are required to presume that when adopted by the General Assembly they were intended to be parts of a harmonious body of law; and therefore the difference in the language used in the charters of the cities of the second and third classes must be given proper significance.

The case of Todd v. Dunlap, 99 Ky., 449, has no application to this case. In that case the sole question was the power of the mayor to remove from office officers who had been appointed for a statutory term.

Petition for re-hearing overruled.