## Cross, et al. v. Nelson, et al.

(Decided March 6, 1925.)

## Appeal from McCracken Circuit Court.

Municipal Corporations—Under Councilmanic Form of Government Power to Appoint Chief of Police Held in General Council.— Power of municipality of second class, reverting from commission to councilmanic form of goverment, to appoint a chief of police was in general council, rather than in the board of police and fire commissioners, in view of Ky. Stats, sections 3138-1, 3138-2, transferring such power to legislative branch of city government.

BEN S. ADAMS for appellants.

REED & BURNS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is a controversy between appellant Cross and appellee Nelson, as to which is chief of police of Paducah, a city of the second class.

Paducah was organized and operated under the commission form of government for several years prior to January 1st, 1923, when, pursuant to an election held for the purpose, it reverted to the councilmanic form. Under the former form, such cities do not have a board of fire and police commissioners as they do under the latter form of government. Paducah, therefore, now has such a board, and appellant was appointed chief of police by it, while appellee was appointed to the same office by the city council, and the question for decision is, which board, under the city charter, has the power of appointment?

Such power was vested in the board of fire and police commissioners by section 3138 of the statutes prior to its amendment in 1920. But by the second section of that amendment (now 3138-2 of the statutes) that power was transferred from the board of fire and police commissioners to the general council, in which, under the councilmanic form, the legislative branch of government is vested, if the first section of the amendment (now 3138-1 of the statutes) means what it says, as is admitted by counsel for appellant. That section reads:

"Whenever in this section the term general council, or commissioners, or board is employed, it shall be construed to mean the legislative branch of the city government."

Despite its plain and unambiguous terms to the contrary, the contention for the appellant is, that it shall be construed to mean, ''Whenever in this section the terms general council, or commissioners, or board is employed, it shall be construed to mean the commissioners of the police and fire departments of the city government.''

We think, however, it is demonstrable from the amendment as a whole, and the fact of its enactment, that this is precisely what the legislature wished to avoid by what it said and did, but as its language is too plain and explicit to admit of doubt as to its meaning, we need not attempt to justify, and are powerless to change it.

Since the lower court held, as the amendment clearly provides, that the power to appoint the chief of police is now in the legislative branch of the city government, which in Paducah is at present the general council, rather than as formerly in the board of police and fire commissioners, the judgment is affirmed.