### Horlander v. City of Owensboro et al.

### Henry v. Same.

### Murphy v. Same.

Jan. 20, 1942.

182

R. Miller Holland for appellant.

E. B. Anderson for appellee City of Owensboro.

Cary, Miller & Kirk for appellees Utilities. .

OPINION OF THE COURT BY VAN SANT, COMMISSION-
ER—Affirming. ·

Owensboro, a city of the third class, is operating
under the city manager form of government. In the year
1939, its commissioners by ordinance adopted the provi-
sions of Sections 3480e-1 to 3480e-12, Baldwin's 1939
Supplement to Carroll's Kentucky Statutes, in respect to
civil service regulations for its employees. For many
years it has been engaged in the manufacture, sale, and
distribution of water and electricity. Previous to the
7th day of August, 1940, these businesses had been con-
ducted under separate departments in separate plants,
but on that date the city commenced the operation ·of a
new plant, combining the functions of the water and elec-
trical departments.

For many years previous to the operation of the

new plant, appellants, Horlander and Henry, had been employed by the city as firemen of boilers at the old water plant; and, for a similar period of time, appellant Murphy had been employed as a watch engineer. Neither of the positions was retained by the ordinance adopted for the organization of the combined plant, and, on the date the old plants were closed, all three employees were informed that their positions of employment no longer were in existence for which reason their services no longer would be needed by the city.

The ordinance adopting the civil service regulations contained the following provision:

"The number of municipal employees and the classification thereof shall be such as the Board of Commissioners or other legislative body of the City of Owensboro may from time to time ordain, and said legislative body shall fix by ordinance the salaries for each classification of municipal employment. Whenever in the judgment of the Board of Commissioners, it becomes necessary in the interest of economy or because of necessity for the position involved no longer exists the Board of Commissioners may abolish any position or employment in the classified service and the Board of Commissioners may lay off the employee holding such position or employment without filing written charges and without the right of appeal. Should such position or employment or any position having substantially the same duties be re-instated or created within two (2) years, the employee discharged shall be eligible to be appointed thereto in preference to any other qualified person on the eligible list for such position. Any reduction in the number of employees of any department or sub-department in the classified list from any cause whatsoever shall be made by the suspension of the employee in the same department and of the same enumerated classified position in the order of the length of their employment by the city, those employees in the same classified department having the same enumerated classified position. If there be more than one employee in that department or classified position, the employee having the greater seniority shall be suspended last."

Appellants instituted this action contending that the position of boiler operator in the new plant required the

performance of substantially the same duties and obtained the same results as the position of fireman in the old plant; and that the position of filter operator in the new plant required the performance of substantially the same duties and obtained the same results as the position of watch engineer in the old plant; that by reason of Sections 3480e-1 to 3480e-12 of the Statutes, and the ordinance adopted in pursuance thereof, each of appellants was entitled to continue in the employ of the city in his respective position. The defendant's answer contained a general denial. The lower court found that the positions in the new plant were not substantially the same as those held by plaintiffs in the old plant and dismissed the petition.

The suit was brought in equity, but it was agreed between the parties that the court should try the issues of fact, which he did by hearing oral testimony in open court. His decision on the facts, therefore, must be given the same consideration as the verdict of a properly instructed jury and will not be disturbed unless it is palpably against the weight of the evidence. Hagman v. Equitable Life Assurance Society of United States, 214 Ky. 56, 282 S. W. 1112.

The fireman in the old plant was required to manually stoke coal furnaces and interpret water and steam gauges. If the pressure fell below the required level, the operator would cause it to be raised by shoveling coal on the fire. If the pressure appeared to be too high he would bank the fire to reduce the intensity of the heat. The engineer who had supervision of the construction of the new plant testified that any common laborer could perform those duties. The duties of the boiler operator in the new plant consist of operating electrical contrivances and reading and interpreting gauges. When the contrivances are properly set, the machinery automatically performs the work, but the engineer testified its proper operation requires knowledge and skill not common to the average person and unless the operator has such knowledge and skill the machinery may be thrown "out of balance." The new plant uses powdered coal as fuel. The coal must be mixed with the proper amount of air and blown into the furnace in order to obtain proper combustion. Further evidence of the knowledge required is the testimony introduced by plaintiffs that the city at its own expense sent two of its present

operators to a school in Middletown, Ohio, for the purpose of learning the technicalities of the new position. It is obvious therefore that there was abundant evidence to support the chancellor's findings that the position of fireman in the old plant and the boiler operator in the new were not substantially the same.

The position of watch engineer in the old plant required the holder of the position to operate pumps used in pumping water into the lines for distribution. He was required to interpret pressure gauges and when the pressure became too low he would start the pumps, when the proper pressure was reached he would discontinue pumping. The old plant had no filter. The duties of filter operator in the new plant consisted of operating the filters and the additional duty of operating a machine used in purifying the water. These processes are regulated and controlled by electrical contrivances.

From the testimony of those familiar with the new plant we gather that approximately the same, if not more skill, is required in the operation of the filter plant than in the operation of the boilers described above; while the duties of watch engineer in the old plant required no particular skill or knowledge. That the new plant performs the same function as the old and the boiler in the new plant performs the same function as did the boilers in the old, are not facts material to the issues in this case. Under the civil service rule, the city is not required to employ unskilled labor in positions requiring technical knowledge and skill.

It is apparent that the evidence is sufficient in all respects to support the decision of the chancellor, for which reason the judgment must be, and hereby is, affirmed.