## Seiter et al. v. City of Covington et al.

May 19, 1942.

Stephens L. Blakely for appellants.

Stanley Chrisman for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellants are members of the Covington police department, and, in November and December, 1939, took examinations for promotions to higher positions in the department. Having failed to secure advancement they brought suit under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., seeking to have the appointments of the successful applicants set aside. The lower court sustained the demurrer to the petition and entered judgment for the defendants, from which order this appeal has been prosecuted.

Appellants contend that the board supervising the examinations was illegally created, and, if wrong in that contention, that the appointments were made pursuant to an unfair examination. In support of the first contention counsel for appellants argues that the city's failure to comply with the provisions of Sections 3138-1 to 3138-5, Carroll's Kentucky Statutes, renders any action in respect to appointment for promotions in the police department illegal and of no effect. Those sections of the Statutes provide for the creation of a board of police and fire commissioners and outline their duties, however, Section 3138-1 transfers the duties and authority of such board to the legislative branch of the city. Cross v. Nelson, 207 Ky. 643, 269 S. W. 1014. Section 3138 originally was an act of the General Assembly of 1894, it was amended March 15, 1900, and was later amended and re-enacted by the Legislature of 1920. At those times all cities of the second class were being operated under the councilmanic form of government. The Legislature of 1930 passed an act (Carroll's Kentucky Statutes, 1936 Edition, Section 3235dd-16 to 3235dd-52) providing for the organization of cities of the second class under the city manager form of government, upon determination of the voters of the city at an election held for that purpose. Covington is now operating under that form of government. The city manager act in Section 3235dd-35, supra, specifically provides the method for conducting and regulating the police and fire departments. This section of the act renders Sections 3138-1 to 3138-5 of

the Statutes inoperative in respect to cities operating under the city manager form of government.

Section 3235dd-34 provides that the city manager shall be responsible to the board of commissioners for the proper administration of all affairs of the city and shall make all appointments of employees and members of departments of the city.

Section 3235dd-35 provides that the city manager shall require all applicants for appointment as members of the police force or fire department to submit to an examination in respect to their knowledge of the English language and the laws and rules governing the duties of the position for which they apply. That is the only limitation on the power of the city manager to appoint persons to the police and fire departments and we construe the act to mean that only those persons who apply for original membership in the police or fire departments were intended by the Legislature to be required to submit to such examinations. That being true, it was unnecessary for an examination to be held for the purpose of qualifying persons already holding positions in the police department for promotion within that department. Nor do we read in the act any provision requiring the city manager to appoint to a position the person making the highest grade in an examination for original membership. The examinations provided for are of a qualifying nature and create no right to appointment in the person passing the examinations or in him who makes the highest grade. It follows that the city manager had the unqualified right to select any member of the department to fill either of the positions for which appellants have applied. We are therefore of the opinion that the court properly sustained the demurrer to the petition.

The judgment is accordingly affirmed.