## Black et al. v. Sutton.

Dec. 21, 1945.

248

Oscar W. Black for appellants.

M. A. Gray for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

On the first appeal of this case reported in 299 Ky. 836, 187 S. W. 2d 731, the judgment was reversed because certain ordinances and resolutions upon which the action was founded were not filed with the petition as required by Civil Code of Practice, section 120, and because the petition stated conclusions rather than facts. Upon return of the case to the circuit court an amended

petition and the ordinances and resolutions upon which the action was founded were filed, which corrected the defects pointed out in the first opinion.

We have now confronting us the question of whether or not a third class city operating under a commission form of government which has abolished under KRS 89.040 all nonelective offices, including that of city attorney, can then under a civil service ordinance pursuant to KRS 90.300 to 90.990 appoint a city attorney in the guise and under the name of an employee so that he may be perpetuated in office. The theory upon which it is contended that this can be done is that as an employee who has a portion of his salary deducted and placed in the pension fund, along with a tax levied for that purpose, he has an inviolable contract with the city under KRS 90.410, which cannot be affected by a repeal of the civil service ordinance.

The answer to this question requires us to determine whether or not the appointment of a city attorney under the civil service ordinance made him an officer or an employee of the city, since an officer can have no vested right in the office he holds while an employee does have a vested right in the position he holds under the civil service ordinance.

In this country offices are not held by grant or contract but are created by the law-making power and no person has a vested right in them. 2 McQuillin Municipal Corporation, 2d Ed., section 514, p. 235; Taylor v. Beckham, 178 U. S. 548, 20 S. Ct. 890, 44 L. Ed. 1187; Gregory v. Kansas City, 244 Mo. 523, 149 S. W. 466. This seems to be the general rule and in the notes to the section just cited Judge McQuillin lists cases from 16 states and from the United States Supreme Court. Our case of Hobbs v. Upington, 121 Ky. 170, 89 S. W. 128, 28 Ky. Law Rep. 131, is not to the contrary, but only holds that an officer after being inducted cannot be illegally ousted from office during the time for which he was elected.

While an office established by the Constitution may not be abolished by the General Assembly, yet one established by statute may be abolished by statute. Standeford v. Wingate, 64 Ky. 440; Board of Councilmen v. Brawner, 100 Ky. 166, 37 S. W. 950, 38 S. W. 497, 18 Ky. Law Rep. 684; Board of Aldermen of the City of Ashland

v. Hunt, 284 Ky. 720, 145 S. W. 2d 814, 821. Since the General Assembly created the office of city attorney in cities of the third class, it cannot be doubted that under these authorities it had the right to abolish it, thus leaving such cities to secure counsel by contract. In abolishing that office by KRS 89.040 no provision seems to have been made for a city attorney and certainly KRS Chapter 89 authorizing a commission form of government in cities of the third class did not affect the duties of city attorney as they were not mentioned.

It is provided in KRS 89.020 that all laws, applicable to and governing cities, by-laws, ordinances and resolutions not inconsistent with Chapter 89, KRS, shall continue in force until altered or repealed in the manner provided for in that chapter.

Therefore, that part of KRS 69.480 providing the city attorney must be a qualified voter of the city and shall have been a licensed practicing attorney for five years, and shall not be a stockholder, officer, agent, attorney or employee of any corporation or person holding a franchise under or with the city, seems to have been left intact. Certainly, KRS 69.490 fixing his duties as general law officer of the city, and KRS 69.500 relative to his salary, were not repealed by the General Assembly in passing KRS 89.040, because, as we said in Calhoun v. Jett, 192 Ky. 383, 233 S. W. 794, if the General Assembly had intended to abolish the qualifications, duties and salary of the city attorney, it would have been an easy matter for it to have so said.

Thus, it appears that the General Assembly abolished the office of city attorney in name only. In City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092, we expressly held that the General Assembly could not convert the office of city manager into a position of employment merely by designating him as an employee, when as a matter of fact he possessed the attributes of an officer. Likewise, the General Assembly may not convert the office of city attorney into that of an employee merely by calling the city attorney by the latter name while leaving all his qualifications and duties those of an official.

The line of demarcation between public office and public employment is oftentimes dim and the distinction

between them as marked by judicial expression is not always clear. 42 Am. Jur., Public Officers section 12, p. 889; People ex rel. Dawson v. Knox, 267 N. Y. 565, 196 N. E. 582; Alvey v. Brigham, 286 Ky. 610, 150 S. W. 2d 936, 135 A. L. R. 1024; Annotations, 93 A. L. R. 333. However, we have had but little difficulty in deciding the question on the facts in this record. In making the distinction between an official and an employee, certain differences in the status of the two were pointed out in Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092, which recites that it took them from State v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A. L. R. 583, and we will not again set them out here. It will suffice to say that a public office is created by law and the incumbent is usually required to be an inhabitant of the political unit he serves; the powers conferred and the duties to be performed must be defined directly or impliedly and they must be continuing in their nature and not occasional or intermittent; and the powers thus conferred must be a portion of the sovereign power of government to be performed for the public benefit. On the other hand, a public employment is a position which lacks one or more of the foregoing elements.

The city attorney is made the general law officer of the city under KRS 69.490, and in City of Bowling Green v. Gaines, 136 Ky. 562, 96 S. W. 852, 853, 29 Ky. Law Rep. 1013, we said, "It is his duty to attend to all legal business of the city, except prosecutions in the police court." In so doing he is exercising a sovereign power for the benefit of the public. That part of KRS 69.480 requiring him to be a qualified voter of the city and a licensed practicing attorney for five years was unaffected by KRS 89.040, as were the whole of KRS 69.490 and 69.500 relating to his duties and salary. While the office was abolished in name, in effect it was not abolished. The city attorney still remained the general law officer of the city and his qualifications remained the same and he took the oath required by section 228 of our Constitution of all officers. The fact that the civil service ordinance referred to him as an employee no more makes him such than did the Act of the General Assembly applicable to the Lexington case make Thompson an employee when in fact he was an official. The Attorney General is the chief law officer of this State and if the Legislature should abolish the title to his office but leave his qualifications

and duties the same and call him an employee of the State, his status would not be changed from that of an official to an employee.

We notice that the board of examiners under the civil service ordinance stated that they had given an examination to the city attorney they called an employee and that he had passed same. It strikes us as being rather puerile for a board of laymen to say they have examined a city attorney and that he passed their examination, unless it be that they found he possessed the qualifications of an official as required by KRS 69.480. It may be helpful to public service to put employees under the merit system, usually referred to as civil service, but that statute should not be extended to officers under the guise that they are employees for the all too apparent purpose of perpetuating them in office.

We are of the opinion that the General Assembly in authorizing cities of the third class to organize under a commission form of government did not abolish the office of city attorney and that such office has not become one of employment merely because the civil service ordinance referred to it as such. The chancellor should have entered a judgment to the effect that the city attorney is an officer and not an employee and does not come within the provisions of the civil service ordinance.

The judgment is reversed.