### City Of Covington v. Crolley.

### Same v. Smith.

### Same v. Clark.

### Same v. Gronefeld.

December 19, 1947.

Rodney G. Bryson and Joseph P. Goodenough, Judges.

John L. Cushing for appellant.

Johnst Northcutt for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming and dismissing appeals.

The four appeals by the City of Covington are from judgments for salaries, less earnings from other sources, by employees during a period in which they were held to have been discharged in violation of the Civil Service statute, KRS 90.300 et seq, and City Ordinances Nos. 3062 and 3144.

When the present city commissioners and Theodore Hageman, City Manager, went into office in January, 1944, the four plaintiffs, now appellees, had been employed in the Water Works Department since prior to the adoption of civil service in 1938. On February 17, 1944, they were discharged without charges or trial. They were restored to their jobs with the same seniority on February 18, 1946, which was just before these trials began. They had been classified from time to time as mechanics, service men or laborers, doing such work as their foremen directed. Regardless of their particular job or classification, the rates of pay were the same. The proper interpretation of the statutes and ordinances with respect to the power of the city to reclassify and suspend employees or reduce the force to accomplish the work of the city commensurate with its financial obligations, and the right of this appellee, Frank Crolley, and others similarly situated, were declared in City of Covington v. Crolley, 283 Ky. 606, 142 S. W. 2d 151. We there affirmed a judgment establishing Crolley's right of restoration after having been once before let out of the service in a reclassification

of employees and readjustment of work in violation of his civil service seniority.

The question before us is whether or not these men or any of them were suspended illegally. If they were and did not acquiesce they are entitled to recover their salaries, less what they were reasonably able to earn during the period of suspension. City of Paducah v. Singery, 255 Ky. 644, 75 S. W. 2d 210; Singery v. City of Paducah, 253 Ky. 47, 68 S. W. 2d. 770; City of Covington v. Trenkamp, 287 Ky. 324, 252 S. W. 2d 999.

The two judges who tried the four cases rendered a joint opinion analyzing the evidence and applying the statutes and ordinances. To review the testimony here would serve no useful purpose. We concur in the finding of fact, that in the discharge and shuffling of employees in the water distribution service, all others affected except these four men were promptly put back to work in one place or another without loss of time. A competitive examination was held for the places of meter reader and basin tender without the jobs having been offered to any of these suspended employees, all of whom were experienced and qualified to do the work. They were not required to take the examination for they were already eligible. Seiter v. City of Covington, 290 Ky. 699, 162 S. W. 2d 524. The court found:

"The suspension of the plaintiffs, Crolley, Smith, Gronefeld and Clark was unwarranted, unlawful and contrary to the will and against the right of the plaintiffs and each of them. The plaintiffs, and each of them, were at all times ready, willing and able to return to the employment of the City of Covington and to discharge the duties required of them in the positions from which they were unlawfully suspended on February 17, 1944."

And further:

"None of the plaintiffs should have been suspended, and each is entitled to be reinstated in the position from which he was suspended, and with pay from the time of his suspension until he was reinstated by the voluntary act of the defendant City on February 18, 1946, together with interest at six percent (6%) until the entry of this judgment."

The circuit judges expressed the belief that the discharge of these men was not required as an economy measure but found it unnecessary to decide the point.

If the city authorities were justified in their action as a matter of economy to dispense with some of the employees, they should have done so in accordance with the statutes and ordinances. Wiltshire v. Callis, 289 Ky. 753, 160 S. W. 2d 173. It may be conceded that the City Manager had the right to reclassify the men in the department and shuffle them about. City of Covington v. Crolley, supra. But in this instance, as it affected these four men, his action seems to have been arbitrary and a subterfuge to get rid of them notwithstanding their civil service status. Glass v. Board of Common Council, 262 Ky. 471, 90 S. W. 2d 700. If incompetency, insubordination or any other legal reason existed justifying their removal from the service, they should have been given a chance to be heard instead of being removed summarily and without warning.

It appears that in reducing the force in the department, other men having status senior to the four appellees were supposed to and did for awhile perform all the work that had been done by them. The fact remains, however, that there were other jobs of equal rank and classification in the department which were filled by men junior in the service. They were either retained or reassigned. None of the jobs were technical or required any special training. The pay was substantially the same. The discharge of the senior men was not justified or authorized in law.

The plaintiffs were earning $125 a month at the time of their suspension. During 1945 the City paid $155 a month for this work and during 1946, $175 a month. In the two years of their suspension each plaintiff would have received gross $3,645. The court awarded judgment to Frank J. Crolley for the full sum of his salary, since he was unable to obtain other work because of his age. The appellee, John W. Smith, had earned $1,810.30 during two years and he was awarded judgment for $1,634.30. The appellee, George Gronefeld, had earned $3,281.70 and he was given judgment for $363.30. The appellee Robert J. Clark's gross earnings were $3,605.15, so that judgment in his favor

is for $39.85 only. Interest was awarded on each judgment. No complaint is registered as to the amount of any of the respective judgments, no defense being made other than justification of the discharge.

The appeals in the cases of Gronefeld and Clark cannot be entertained. The amount of the Gronefeld judgment brings it within the terms of KRS 21.080; hence, the circuit court was without authority to grant the appeal. This court has no jurisdiction in the appeal of the city in the Clark case, the amount involved being only $39.80. KRS 21.060(2). But Clark has undertaken to prosecute a cross appeal, claiming that he was entitled to a judgment of some $1200 because of necessary additional expenses of moving to and living at Oak Ridge, Tennessee, where he worked during the period of suspension. There can be no cross appeal without a direct appeal, and there can be no direct appeal without the jurisdiction of the court. Section 755, Civil Code of Practice. Hence, the dismissal of the appeal carries with it the dismissal of the cross appeal. Davis v. Davis, 178 Ky. 779, 199 S. W. 1075.

The judgments in the Crolley and Smith cases are affirmed. The appeals in the Gronefeld and Clark cases are dismissed.