## City Of Henderson et al. v. Thomy et al.

June 18, 1948.

784

George S. Clay for appellants.

Pentecost & Dorsey for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On this appeal the constitutionality of the Civil Service Statutes applicable to cities of the third class, KRS 90.300 to KRS 90.410, and the validity of certain ordinances of the City of Henderson adopted pursuant thereto, are challenged. The act providing civil service for the employees, other than policemen and firemen, of cities of the third class was adopted by the General Assembly at its 1938 session. Chapter 114, Acts 1938. At the same session the General Assembly passed a similar act relative to cities of the second class. Chapter 53, Acts 1938. The two acts, as subsequently amended, appear in the Kentucky Revised Statutes as sections 90.300 to 90.990, inclusive. The act relative to cities of

the third class provides that any city, electing by ordinance to operate under the act, may create a civil service commission which shall hold examinations as to the qualifications of applicants for municipal employment, and may classify employees and designate the class of employees it desires to include. The act provides that employees who have been in the employ of the city for one year at the time the provisions of the act are adopted by the city, shall not be required to stand an original examination and shall be eligible for all benefits provided by the act. Any city of the third class adopting the civil service or merit system may provide by ordinance for the creation and maintenance of a pension fund for the benefit of employees under civil service. Subsection (3) of section 90.410 of the Kentucky Revised Statutes reads:

"(3) When any city of the third class adopts an ordinance under this section for the creation of a pension fund and accepts from its employes a portion of their wages and levies a tax therefor, an inviolable contract shall be created between the city as employer and its employes, and the city and its employes shall continue to operate under KRS 90.310 to 90.410 and the adopting ordinance. A repeal of that ordinance by the city shall in no wise affect such employes unless by the mutual consent of the city and an employe or employes."

Henderson is a city of the third class operating under the commission form of government. On May 27, 1946, the board of commissioners passed an ordinance setting up and adopting a civil service system for the city according to the provisions of the statutes on the subject. By the provisions of the ordinance a civil service commission to hold examinations was created, and a civil service pension fund was set up. It provided that employees who had been in the employ of the city for one year should not be required to stand an original examination, and should be considered eligible for all the benefits under the statutes and the ordinance. A pension board was appointed and a tax was levied by the city to become a part of the pension fund. Beginning with June, 1946, each employee of the city contributed 2% of his monthly salary to the pension fund, and at the time of the commencement of this action

in January, 1948, there was a sum in excess of $11,000, representing the taxes levied by the city and the contributions of the employees, held by the pension board. Subsequent to the enactment of the ordinance all employees of the city were appointed from the list of applicants who passed the civil service examination, and were certified to the board of commissioners by the civil service commission. On December 15, 1947, the board of commissioners adopted a second ordinance relating to civil service. This ordinance merely reaffirmed the ordinance of May 27, 1946, and named each employee of the city, the classification to which he belonged, the date and source of his employment, and reappointed each to his position and declared him entitled to the benefits of civil service. It seems that it was the purpose of this ordinance to make a permanent record as to the classification, pay and date of appointment of the employees. On December 24, 1947, a petition was filed with the board of commissioners protesting the passage of the ordinance, and requesting a repeal thereof or a referendum thereon. This petition was filed pursuant to KRS 89.240, which provides for a referendum as to certain types of ordinances. A new board of commissioners had been elected in November to take office on the first Monday in January, 1948. The outgoing board of commissioners, being of the opinion that the ordinance was not the type or character of ordinance which can be submitted to a referendum of the people, declined to reconsider or repeal it or to submit it to a referendum. The same petition was presented to the new board of commissioners and on January 12, 1948, this board passed an ordinance repealing the ordinance of December 15, 1947. The board also adopted a resolution to the effect that the employees of the City of Henderson, other than its firemen and policemen, were not entitled to the benefits of civil service; that no benefit deductions should be made from their salaries; and that the city declined to recognize any such employees as being entitled to any of the benefits of KRS 90.300 to KRS 90.410 or of the ordinances of the City of Henderson adopted on May 27, 1946, and on December 15, 1947. The board of commissioners also declared the positions of city clerk, city auditor, city treasurer, city assessor and city engineer vacant, but named each of

the incumbents as acting employees subject to the pleasure of the board. Thereafter more than one hundred employees of the city instituted this action in the Henderson Circuit Court against the City of Henderson and its mayor and commissioners for a declaratory judgment, asking that the court determine the status of the parties and whether or not the civil service system was in effect in the City of Henderson as to the plaintiffs. The defendants filed a demurrer and, without waiving it, filed an answer. A stipulation of facts was filed, and the case was submitted on the pleadings, exhibits and stipulation. The pertinent part of the judgment reads:

"No section of KRS 90.310 to 90.410 inclusive is violative of the Constitution of Kentucky.

"The ordinances of the City of Henderson, known as the Civil Service ordinances, adopted on May 27, 1946, and on December 15, 1947, and filed as exhibits with the pleadings herein, are valid ordinances of the City of Henderson.

"Each of the plaintiffs is entitled to all of the benefits of the Civil Service or Merit system as prescribed by KRS 90.310 to KRS 90.410 inclusive and to all the benefits of the two ordinances of the City of Henderson adopted by the City of Henderson on May 27, 1946, and December 15, 1947, referred to throughout these proceedings as the Civil Service ordinances of the City of Henderson."

Appellants argue four grounds for reversal of the judgment: (1) KRS 90.310-410, the civil service law for second and third class cities, violates sections 29 and 157 of the Kentucky Constitution; (2) the city clerk, city treasurer, city auditor, city assessor and city engineer are officers of the city, not employees, and are not subject to civil service; (3) those employees who hold by reason of one year's service are not validly appointed under and have not acquired a valid civil service relationship; and (4) those employees engaged since the adoption of civil service have not been properly appointed.

The constitutionality of the Civil Service Act applicable to cities of the first class, KRS 90.110 to 90.240, was upheld in Kerr v. City of Louisville, 271 Ky. 335,

111 S. W. 2d 1046, and the constitutionality of the statutes applicable to cities of the second and third class has been tacitly recognized in a number of cases in which the statutes have been construed and applied though the constitutional question was not specifically raised. Some of these cases are City of Covington v. Crolley, 306 Ky. 252, 206 S. W. 2d 933, Black v. Sutton, 301 Ky. 247, 191 S. W. 2d 407, City of Owensboro v. Board of Trustees, 301 Ky. 113, 190 S. W. 2d 1005, Horlander v. City of Owensboro, 289 Ky. 181, 158 S. W. 2d 418, and City of Covington v. Trenkamp, 287 Ky. 324, 152 S. W. 2d 999. Appellants' argument is that section 29 of the Constitution, which vests legislative power in the General Assembly, is violated by the civil service statute applicable to third class cities in that the operation of the statute is made to depend upon its adoption by the governing body of the municipality. The statute is complete in itself, and is in full force and effect regardless of the action of any city with respect to operating under it. The city, by electing to avail itself of the provisions of the statute, does not exercise the power of legislation reserved to the General Assembly. The statute is a complete legislative enactment requiring only acceptance to incorporate its provisions in the scheme of local government. It is merely an enabling act similar to many which have been held constitutional by this court. A recent instance is Settle v. Jones, 306 Ky. 9, 206 S. W. 2d 59, in which Chapter 212, Acts of 1946, now KRS 96.171 to 96.188, was held constitutional. The challenged act set up a method for the acquisition and operation of electric and water systems by cities of the third class, and provided that the governing body of any municipality of the third class might elect to operate under its provisions. Aside from the foregoing, it appears that section 60 of our Constitution, by necessary implication, authorizes the enactment of certain laws to take effect upon the approval of an authority other than the General Assembly. Among such laws are those relating to "the regulation by counties, cities, towns or other municipalities of their local affairs."

The Civil Service Statutes and ordinances fix the status of certain employees of the city, but they do not create any debt within the meaning of section 157 of the Constitution.

Black v. Sutton, 301 Ky. 247, 191 S. W. 2d 407, is cited by appellants in support of their argument that the clerk, treasurer, auditor, assessor and engineer are officers of the city, not employees, and are not subject to civil service. In Black v. Sutton the office of city attorney of a third class city was involved. It was held that, due to the qualifications and duties of the city attorney, he is an officer and not an employee. The act creating the commission form of government provides that all the administrative and legislative powers of the city·shall be vested in the board of commissioners. The functions of the city are divided into several departments, and the mayor and commissioners are given control and supervision of the affairs of these departments. They exercise the necessary governmental functions, and the employees of the city perform such duties as the mayor and commissioners direct. The clerk, treasurer, auditor, assessor and engineer exercise no sovereign power of government, but perform mere clerical and administrative duties under the direction of their superiors. None of these positions possesses, as does the position of city attorney, the elements "indispensable in any position of public employment, in order to make it a public office of a civil nature." City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092, 1093. The General Assembly had the power to abolish these offices and to provide that the duties should be performed by employees.

We find no merit in the third and fourth grounds urged for reversal. It was within the power of the General Assembly to provide that an employee who had held his position for one year was qualified or eligible without examination. It was, no doubt, the view of the General Assembly that the experience gained by one year's service in the position was just as satisfactory an indication of the applicant's fitness as a test by an examination. Exemption from examination does not confer upon employees who have held their positions one year any special privilege or immunity. The General Assembly merely created a class of employees who are eligible to the benefits of civil service by reason of their service or experience. The validity of such a provision was recognized in City of Covington v. Crolley, 306 Ky. 252, 206 S. W. 2d 933, and Seiter v. City of

Covington, 290 Ky. 699, 162 S. W. 2d 524. Cf. Commonwealth v. Ward, 136 Ky. 146, 123 S. W. 673.

The argument that those employees engaged since the adoption of civil service have not been properly appointed is based on the alleged inadequacy of the orders of the board of commissioners appointing them. It is pointed out that these orders failed to show that the appointees had taken the civil service examination or had been certified by the civil service board or were chosen from the three holding the highest ranking on the list. An agreed stipulation of facts filed in the record shows that all requirements of the statute were met in making the appointments. But, be that as it may, the facts are set out in full and the appointments affirmed in the ordinance of December 15, 1947, which the chancellor correctly held was valid. The ordinance prescribed no new policy or plan, was effective upon its passage, and was not the type or character of ordinance which can be submitted to the referendum. Seaton, Mayor, v. Lackey, 298 Ky. 188, 182 S. W. 2d 336; KRS 89.590 and 89.600.

The chancellor correctly declared the rights of the parties, and the judgment is affirmed.