**TIERNEY, Treasurer of Jefferson County, v. PENDLETON et al.**

Court of Appeals of Kentucky.

Dec. 12, 1952.

Lawrence G. Duncan, Louisville, for appellant.

John A. Fulton and Woodward, Hobson & Fulton, Louisville, for appellee.

COMBS, Justice.

The appellees, employees of the Jefferson County Police Department, filed this suit on behalf of themselves and other employees of the Police Department similarly situated to test the validity of an order of the Jefferson County Fiscal Court which increases their salaries. The Treasurer of Jefferson County was the defendant in the lower court and is the appellant here. The trial court held the order increasing appellees' compensation to be valid.

Appellees were appointed for one-year terms between January 1 and July 1, 1952. KRS 70.540.

The Legislature, at its 1952 session, enacted House Bill 115, Chapter 141, 1952 Legislative Acts of Kentucky. That Act authorizes the creation of a County Police Force Merit System. The Act became effective on March 4, 1952, and shortly thereafter a Merit Board was appointed for Jefferson County, as authorized by the Act.

The Board established a County Police Force Merit System for the Jefferson County Police Force. The names of the employees of the Police Force were certified to the Board and other steps contemplated by the Act were taken. The Fiscal Court thereafter approved a budget and appropriated funds for the operation of the County Police Force under the Merit System. The budget and appropriation contained a provision for a pay increase for the appellees and all other employees of the Police Department, effective July 1, 1952.

Under the Merit System the employees of the Police Department hold their positions subject to their good behavior and ability to satisfactorily perform their duties. The appellees take the position that House Bill 115, when accepted by the Fiscal Court, superseded KRS 70.540 under which they were appointed for a fixed term, and that as they are no longer term officers their compensation can be increased at the will of the Fiscal Court. The Treasurer concedes appellees are no longer term officers, but maintains no increase in compensation can be effective until the expiration of the one-year term for which they were last appointed. He relies on section 161 of the Constitution which prohibits any change in the compensation of a county officer during his term of office.

Although the Legislature may not abolish a constitutional office it may, by statute, abolish an office created by statute; and when a statutory office is abolished according to law, the incumbent loses such right as he has in the office. Staneford v. Wingate, 2 Duv., 63 Ky. 440; Board of Councilmen of City of Frankfort v. Brawner, 100 Ky. 166, 37 S.W. 950, 38 S.W. 497; Board of Aldermen of the City of Ashland v. Hunt, 284 Ky. 720, 145 S.W.2d 814; Black v. Sutton, 301 Ky. 247, 191 S.W.2d 407.

The offices held by appellees were created by the Legislature and not by the Constitution. House Bill 115, when accepted by the Fiscal Court, in legal effect, and as regards Jefferson County, superseded KRS 70.540. The offices then held by appellees were thereby abolished and the terms of the incumbents terminated. It should be noted parenthetically that there is no intimation in the record of any collusion or attempt to evade the Constitution and it is apparent the Fiscal Court was motivated only by the desire to establish a Merit System for the County Police Department. Therefore, appellees are no longer term officers but hold their positions for indefinite terms. This being so, it follows that there is no legal prohibition against their compensation being changed by the Fiscal Court. City of Lexington v. Rennick, 105 Ky. 779, 49 S.W. 787, 50 S.W. 1106.

The judgment is affirmed.