**SANITATION DISTRICT NO. 1 OF SHELBY COUNTY, Kentucky and Loyd Cheak, Individually and as President of Sanitation District No. 1 of Shelby County, Kentucky, Appellants,**

v.

**SHELBY COUNTY, Kentucky; Fiscal Court of Shelby County, Kentucky; Bobby Stratton, Individually and as County Judge/ Executive Officer of Shelby County, Kentucky; Robert Walters, Individually and as Magistrate of Shelby**

---

County District 1; Robert F. Wilson, Individually and as Magistrate of Shelby County District 2; Robert L. Samples, Individually and as Magistrate of Shelby County District 3; Cordy Armstrong, Individually and as Magistrate of Shelby County District 4; Howell Raisor, Individually and as Magistrate of Shelby County District 5; Tony Carriss, Individually and as Magistrate of Shelby County District 6; and Mike Whitehouse, Individually and as Magistrate of Shelby County District 7, Appellees.

No. 96-CA-002116-MR.

Court of Appeals of Kentucky.

March 13, 1998.

James H. Byrdwell, Shelbyville, Adele Burt Brown, Lexington, for Appellants.

Samuel D. Hinkle, Louisville, J. Mel Camenisch, Jr., John B. Park, Lexington, James Hite Hays, Shelbyville, for Appellees.

Before KNOPF, GUIDUGLI and JOHNSON, JJ.

*OPINION*

JOHNSON, Judge.

The Sanitation District No. 1 of Shelby County, Kentucky (the Sanitation District) has appealed from the judgment of the Shelby Circuit Court entered on June 24, 1996, which upheld the constitutionality of Kentucky Revised Statutes (KRS) 220.035 (the statute). We affirm.

The Sanitation District is a political subdivision, or municipal corporation, of the Commonwealth of Kentucky, created on February 28, 1974, and organized pursuant to the provisions of KRS Chapter 220 *et seq.* KRS 220.020 vests the Secretary of the Natural Resources and Environmental Protection Cabinet (the Cabinet) with the authority "to establish sanitation districts within any county of the Commonwealth[,]" so as to address several concerns relating to sewage disposal and water pollution, all of which are enumerated in KRS 220.030. The Sanitation Dis-

trict is governed by a board of directors (KRS 220.140 and 220.170) which is empowered to "control and manage the affairs of the district" and which is charged with devising a plan "for the improvements for which the district was created." KRS 220.140 and 220.220. All plans prepared by the Sanitation District's board are submitted to the Cabinet for approval. KRS 220.240.

Although the Cabinet has been the entity designated to establish sanitation districts where needed, and has been given extensive supervisory and oversight responsibilities over these districts, the statutory scheme has historically given certain authority over the sanitation districts to the fiscal court or courts in the county or counties in which the sanitation districts are located. For example, the county judge executive was given the authority by the Legislature to appoint the members of a district's board (KRS 220.140). Further, a sanitation district must file its annual budget with the county judge executive. KRS 220.080(4).

In 1984, the Legislature enacted KRS 220.035, the pertinent parts of which provide as follows:

(1) A fiscal court may:

(a) Review and approve, amend or disapprove proposed district land acquisitions;

(b) Review and approve, amend or disapprove proposed district construction of capital improvements;

(c) Review and approve, amend or disapprove proposed service charges or user fees; and

(d) Review and approve, amend or disapprove the district's proposed budget.

(2) In order to exercise any or all the powers enumerated in subsection (1) of this section, the fiscal court shall adopt a county ordinance explicitly stating which of the powers the fiscal court intends to exercise and setting forth the procedures by which the sanitation district shall submit plans and documentation for review and approval, amendment or disapproval. The exercise of such powers shall become effective thirty (30) days following the effective date of the ordinance. In the case of

districts lying in two (2) or more counties, no fiscal court shall exercise the powers enumerated in subsection (1) of this section until each fiscal court has adopted conforming ordinances stating the powers to be exercised.

Pursuant to subsection (2) of the statute, the appellee, the Fiscal Court of Shelby County (the Fiscal Court) passed an ordinance in January 1995, assuming all the powers enumerated in subsection (1) with the exception of (1)(c), the right to review charges or fees.

The Sanitation District and its president, Loyd Cheak, filed a petition on February 1, 1995, requesting that the Shelby Circuit Court declare KRS 220.035 unconstitutional and void and further asking the court to enjoin Shelby County and the Fiscal Court from "exercising any of the powers purportedly delegated to them under KRS 220.035[.]" In its final judgment, the trial court found that the "General Assembly ha[d] not exceeded its authority by enacting the Statute[,]" and that the statute "is a valid and constitutional exercise by the General Assembly of its powers over sanitation districts." It dismissed the petition for declaration of rights and denied the Sanitation District's request for injunctive relief. This appeal followed.

The Sanitation District has summarized its primary legal argument that the statute is unconstitutional as follows:

Its power to amend or disapprove district decisions relating to the subject matter specified (which includes virtually every power of the district) gives fiscal court the same powers within the same territory over the same subject matter as is expressly delegated to the executive department of state government and to sanitation districts the Commissioner is given power to create and has created under [ ] other provisions of KRS Chapter 220.

In this regard, the Sanitation District relies on *Rash v. Louisville and Jefferson County Metropolitan Sewer District*, 309 Ky. 442, 217 S.W.2d 232 (1949). The statutes at issue in that case, amended versions of KRS 76.060 and 76.091, provided that the city's law director would also serve as the director of law of the sewer district and that the city's board

of aldermen had the power to "change or fix rates for services rendered by the Sewer District throughout Jefferson County[.]" *Id.* 217 S.W.2d at 237. The *Rash* Court held:

> These amendments would result in dual management of the same facilities. *They would subordinate the authority of the Sewer Board to the power of the Board of Aldermen, and effectually place the Aldermen as well as the city attorney in two municipal offices, contrary to the mandate of the Constitution.*
>
> Moreover, these amendments would extend the powers of the city government beyond its corporate geographical limits without amendment of the city's charter, the source of its power. Without such, the city has no extraterritorial power. Its jurisdiction ends at its municipal boundaries. City ordinances and officers cannot operate beyond its corporate area, except by certain classes of contract, or under a power implied to match responsibility imposed or necessary to effectuate what is expressed. . . .
>
> We are therefore constrained to hold that these two sections of the Act are unconstitutional and invalid.

*Id.* (citations omitted) (emphasis added).

The problem with the Sanitation District's reliance on *Rash* is that the former Court of Appeals retreated from significant portions of its holding several years later in *Curtis v. Louisville and Jefferson County Metropolitan Sewer District,* Ky., 311 S.W.2d 378 (1958). In *Curtis* the Court rejected a constitutional challenge to a statute that required the sewer district to obtain approval of any surface drainage improvements from the Jefferson Fiscal Court and the Louisville Board of Aldermen. In so holding, the Court stated:

> The second question is whether the statute requiring approval of the project by the fiscal court and by the legislative body of the city of the first class, KRS 76.245, is unconstitutional on the ground that it results in subordination of the authority of one distinct municipal corporation (the district) to that of two others (the county and the city), or that it has the effect of permitting city and county officers to act as officers of the district, in violation of the prohibition set forth in Section 165 of the Kentucky Constitution against one person at the same time holding offices in two different municipalities.
>
> In *Rash v. Louisville & Jefferson County Metropolitan Sewer District,* 309 Ky. 442, 217 S.W.2d 232, this Court held unconstitutional, on the grounds above mentioned, a statute that would have made the Director of Law of the City of Louisville the official attorney for the sewer district, and another statute that would have given the Board of Aldermen of Louisville the power to fix or change rates for services rendered by the sewer district. However, we think the statute now before us is not of the same character as those involved in the *Rash* case. The only power the city and county governing bodies are to exercise under KRS 76.245 is the power to determine whether a particular project proposed by the district shall be undertaken. Once the project has been approved, the district exercises sole authority in carrying it out. There is no question here of dual management, as there was in the *Rash* case. It is not a case of subordination of the authority of the sewer district in the exercise of a power conferred upon it by law, but rather a case where the power of the district never comes into existence until the city and the county have given their approval.

*Id.* at 381. It is apparent from this holding that § 165 of the Kentucky Constitution is no longer considered an impediment to a scheme whereby a sewer district is required to obtain approval from the legislative bodies of other municipalities within its territorial boundaries.

█ It is settled, as the trial court observed, that as a creation of the Legislature, the Sanitation District's continued existence and the purview of its authority are dependent upon the will and discretion of the Legislature. This principal was succinctly stated in *Allen v. Hollingsworth,* 246 Ky. 812, 816, 56 S.W.2d 530, 531 (1933), as follows:

> Apart from restraints of the organic law, the Legislature has plenary powers in respect to the establishment and regulation

of the government of municipalities, and such divisions of government possess only those powers that the state, through the Legislature, has conferred upon them, expressly or impliedly, and those granted powers may be enlarged or diminished in the discretion of the superior body, for the municipalities are derivative creations.

Likewise, in *Covington Bridge Commission v. City of Covington*, 257 Ky. 813, 820, 79 S.W.2d 216, 219 (1934), the Court stated that the power to create a political subdivision "necessarily" included "the right[s] to amend, abridge, or repeal[,]" citing *City of Pineville v. Meeks*, 254 Ky. 167, 171, 71 S.W.2d 33, 35 (1934).

We agree with the Sanitation District that the powers to review, approve, amend, or disapprove its acquisition of realty, capital improvements and its budget as provided in KRS 220.035, result in a significant shift in authority between the Sanitation District and the Fiscal Court. Nevertheless, there is nothing in the Kentucky Constitution that specifically safeguards these powers in the Sanitation District. Clearly, the Legislature may "transfer the power and duties of one office from one body of local officers to another local body[.]" *Covington Bridge Commission, supra* at 220. *See also Candler v. Blevins*, Ky., 922 S.W.2d 376 (1996); *Fiscal Court of Jefferson County v. City of Anchorage*, Ky., 393 S.W.2d 608 (1965); and *Adams v. Burke*, 308 Ky. 722, 215 S.W.2d 531 (1948). Thus, despite the Sanitation District's insistence that these cases are "mostly irrelevant," we believe they address the very essence of the dispute and we conclude that the trial court was correct in its determination that KRS 220.035 is a valid exercise of the Legislature's power over one of its creations.

The Sanitation District also argues that the statute offends §§ 27 and 28 of the Kentucky Constitution in that it allows the Fiscal Court "to exercise the powers of the executive branch of the state." It has not cited any authority to support this argument. In any event, KRS 220.035, does not purport to take any authority away from the Cabinet, but merely allows fiscal courts to have concurrent oversight authority.

Finally, the Sanitation District contends that the statute is an improper delegation of legislative authority as it allows the various fiscal courts "to determine what the law is" in violation of § 60 of our Constitution. However, we again believe it clear that such enabling legislation is constitutionally sound. *See City of Henderson v. Thomy*, 307 Ky. 783, 212 S.W.2d 303 (1948).

Accordingly, the judgment of the Shelby Circuit Court is affirmed.

All concur.